## BALL vs. L. E. & W. H. LASTINGER.

1. A bill alleged as follows: Defendant is indebted to complainants on a note now due for $1,405, given for certain lands; he has boxed half of the timber on the land, and is hacking, dipping, hauling and converting the crude turpentine and rosin, and is shipping and selling the spirits and rosin to parties in Savannah; defendant is engaged in manufacturing spirits of turpentine and rosin to the amount of $5,000 per annum; he is insolvent; he owes a firm named, $6,000; he has his hands, or most of them, employed by the year, and at the end of the year will be owing them a large amount; he is doing a general merchandising business, and is owing $500.00 for merchandise; complainants hold another note on defendant, due the following September, for $1,350.00; the market value of spirits of turpentine has been very low, and this, with the large amount of money owed by defendant, renders him hopelessly insolvent:

*Held*, that the allegations were not sufficient to bring the case within the provisions of the act of 1881 (Code, §3149 (a) ). That act was intended to authorize the granting of injunctions and appointment of receivers where the debt of the trader or firm of traders had matured, and payment had been demanded, and the trader was insolvent; but it must be a debt connected with the trade which is pursued by the trader. Here it is alleged that the defendant was carrying on a general merchandise business, while the debts sought to be enforced arose out of purchase of land.

(*a.*) There was no equity in the bill, and the granting of injunction and appointment of a receiver was error.

(*b.*) The act of 1881 is in derogation of common law, and should be strictly construed and strictly pursued; and the party seeking the benefit of it must bring himself clearly within, not only the spirit and meaning, but the letter of the act; he can take nothing by intendment.

September 13, 1883.

Debtor and Creditor.    Insolvency.    Laws.    Traders. Before Judge HANSELL.    Berrien County.    At Chambers. July 25, 1883.

Reported in the decision.

J. W. SENTEL; HAWKINS & HAWKINS, by brief, for plaintiff in error.

No appearance for defendants.

BLANDFORD, Justice.

The defendants in error brought their bill against the plaintiff in error, praying for an injunction and receiver. The judge granted the same; the defendant excepted, upon the ground that there was no equity in the bill, and that there was a full and adequate remedy at law, and brings the same before this court. The complainants in the bill allege that defendant is indebted to them, on a note now due, $1,405.00, which was given by Ball for certain lands mentioned in the bill; that Ball has boxed half the timber on the land; that he is hacking, dipping, hauling and converting the crude turpentine and rosin, and is shipping and selling the spirits and rosin to parties in Savannah, that Ball is engaged in manufacturing spirits of turpentine and rosin to the amount of $5,000 per annum; that Ball is insolvent; that he owes the firm of J. P. Williams $6,000; that he has his hands employed by the year, or most of them, and at the end of the year will be owing them a large amount of money; that he is doing a general merchandise business, and is owing five hundred dollars for merchandise; that plaintiff holds another note for $1,350, which falls due first of September next; that the market for spirits of turpentine has been very low the present season, and this circumstance, together with the large amount of money Ball is owing, renders him hopelessly insolvent.

These are all the allegations in the bill. There is nothing said about fraud or concealment of property by defendant. The court below doubtless placed the equity of the bill upon the act of 1880, Code, §3149 (a), which provides as follows: "In case any corporation, not municipal, or any trader or firm of traders, shall fail to pay at matu-

rity, any one or more matured debts, payment of which has been properly demanded," etc. Enough of this statute has been quoted for the purposes of this court. It certainly was the intention of this act to authorize the granting of injunctions and appointing receivers, when the debt of the trader or firm of traders had matured and payment demanded, and the trader insolvent, but it must be a debt connected with the trade which is pursued by the trader. In this case, the bill alleges that Ball, the defendant, is carrying on a general merchandise business; that he owes for merchandise five hundred dollars. Not a dollar may be due, and the persons to whom owing are making no complaint whatever. Ball is not a trader, within the meaning and intent of this act, as to these complainants. Their debts were made in consideration of land; and however much he may be a trader as to other persons, as to these parties he is no trader. There certainly is no equity in the bill.

This act provides a very harsh and summary remedy. It is in derogation of common law, and should be strictly construed and strictly pursued, and the party seeking the benefit of it must bring himself clearly within, not only the spirit and meaning, but the letter of the act; he shall take nothing by intendment.

Judgment reversed.