## GLORE *v.* AKIN, by next friend.

1. Where suit was brought jointly against two defendants for malicious prosecution, and a verdict was rendered against them for a stated amount, "to be equally divided between them," this was in effect a several verdict for one half the amount stated against each of the defendants, and was not legal.
2. The illegality of such a verdict could not be cured by writing off one half of the finding and entering up judgment for the other half jointly against both defendants.
3. A verdict having been returned and a judgment entered as indicated in the preceding headnotes, on motion duly made the judgment should have been arrested and the verdict have been set aside.

Argued June 18,—Decided October 14, 1908.

Action for damages. Before Judge Wright. Cobb superior court. December 10, 1907.

*J. Z. Foster* and *J. E. Mozley,* for plaintiff in error.

LUMPKIN, J. Luther Akin, by his next friend, brought an action for malicious prosecution against W. H. Walters and H. A. Glore jointly, alleging a conspiracy and concert of action on their part. On the trial, the jury found the following verdict: "We the jury find for the plaintiff against the defendants, Glore and Walters, $300.00, to be equally divided between them." A motion was made to arrest the judgment and set aside the verdict. Plaintiff's counsel wrote off from it the sum of $150, and agreed that the verdict and judgment should be for $150 against the defendants jointly. The court thereupon overruled the motion, and judgment was entered according to the agreement. To this exception was taken.

The suit was brought jointly against two persons, seeking to recover damages for malicious prosecution, the joint action of both. The rule allowing the jury to apportion damages among trespassers (Civil Code, §5915) has been held to apply to cases of trespass on property, and not to cases of the character of this one. *McCalla* v. *Shaw,* 72 *Ga.* 458; *Hunter* v. *Wakefield,* 97 *Ga.* 543 (25 S. E. 347, 54 Am. St. R. 438); *Hay* v. *Collins,* 118 *Ga.* 243 (44 S. E. 1002). The several verdict found against the defendants could not be cured by reducing it to one half the amount and changing it to a joint verdict. It may be said that the defendant was not hurt, because the verdict found against him in the sum of $150, and under the change made by counsel, and allowed by the court, no more was adjudged against him. Verdicts for excessive amounts are sometimes corrected by writing off the excess, where there is a legal mode of arriving at the amount to be deducted. But this is an entirely different thing from deducting one half of a verdict for damages in a case of malicious prosecution, and changing an illegal several verdict into a joint one. The jury did not find a joint verdict; and counsel and the court could not make one for them. It is not enough to say that the judgment was for no more than the jury found against the defendant Glore severally. The effort to correct the verdict not only changed it in amount; it changed the whole character of the finding.

In *Hay* v. *Collins,* supra, a decision in which five Justices concurred, there was one count in the petition on which the verdict could be upheld, and one on which this could not be done. It was held that a motion in arrest of judgment would not be sustained.

Here there was a single count on which a several verdict could not be lawfully returned.

*Judgment reversed. All the Justices concur.*