## FARMERS UNION WAREHOUSE COMPANY v. COWETA FERTILIZER COMPANY.

1. To an action brought under the Civil Code, § 2716, for the purpose of having a receiver appointed for the assets of an insolvent trader, "one or more creditors, representing one third in amount of the unsecured debt of such insolvent corporation, trader, or firm of traders, whose debts are matured and unpaid, shall be necessary parties."

2. The act authorizing this proceeding to place the assets of an insolvent trader in the hands of a receiver, at the instance of a creditor or credit-

ors without lien or judgment, is in derogation of common law, and it has been held by this court that it must be strictly construed.

3. Giving to the statute such a construction, the expression "unsecured debt" means a debt for which the creditor holds no security; not one which is secured by collateral security or pledge, though such security may·be of less value than the total amount of the debt.

4. The case turning on whether the plaintiff was entitled to be considered an unsecured creditor, and it not being so within the meaning of the statute under which the petition was brought, the appointment of a receiver was error.

Argued February 8, — Decided August 10, 1909.

Appointment of receiver. Before Judge Freeman. Carroll superior court. December 19, 1908.

*R. D. Jackson* and *R. W. Adamson,* for plaintiff in error.

*S. Holderness* and *H. A. Hall,* contra.

LUMPKIN, J. The Coweta Fertilizer Company brought an equitable petition against the Farmers Union Warehouse Company, seeking to have a receiver appointed to take charge of the assets of the defendant. The plaintiff alleged that the defendant owed it the sum of $4,444, which represented more than one third of the unsecured indebtedness, and that the defendant was insolvent. On the hearing the presiding judge appointed a receiver, and the defendant excepted. The plaintiff did not proceed as having a lien on the assets sought to be placed in the hands of a receiver, but the action was based on section 2716 of the Civil Code, authorizing proceedings against insolvent traders. This section requires that to the action one or more creditors, representing one third in amount of the unsecured debts of the insolvent corporation, trader, or firm of traders, whose debts are matured and unpaid, shall be necessary parties. It has been held that this statute, authorizing the seizure of assets of a debtor, through a receiver, without having any lien or judgment, is in derogation of common law and must be strictly construed. *Ball* v. *Lastinger,* 71 *Ga.* 678; *Scott* v. *Jones,* 74 *Ga.* 762. In *Knoxville Iron Co.* v. *Wilkins, Post & Co.,* 74 *Ga.* 493, Hall, J., said: "This act has always been subjected to a strict construction; and unless a party brings himself within its very letter, the relief it provides has been invariably denied." Only one point was discussed in the briefs of counsel, namely, whether the plaintiff was an unsecured creditor of the defendant, within the meaning of the statute. Construing the statute strictly, it can not be said that a debt for

which there is collateral security is unsecured, although the security which the creditor holds is not satisfactory to him, or is of less value than the entire debt due to him. The collateral security held by the plaintiff appears to have been applicable to the entire debt, and to every part of it. The indebtedness was not divisible so that some of it was secured and some of it was not. All of it was secured to some extent, though the value of the security may not have been as great as the amount which it was intended to secure. Suppose that the debtor had desired to release the collateral security, it would have been impossible to have selected any fractional part of the indebtedness, to have paid that part, and demanded the delivery of the security. To such an effort the creditor would have promptly replied that the collateral notes were held as security for every dollar of the indebtedness, and that all of it must be paid before they would be released. The statute does not confer upon a creditor whose security is insufficient or unsatisfactory the right to thus proceed, but upon one whose debt is unsecured. If a remark made in the decision in *Lowe Brothers Cracker Co.* v. *Brooke,* 91 *Ga.* 243 (18 S. E. 136), can be construed as containing an intimation that an insolvent personal surety may be equivalent to no surety, it certainly goes no further. In the present case it was conceded that the collateral notes amounted to about $2,000 face value, but the plaintiff contended that their actual value was about 40 per cent. of their face value. If this be conceded, the plaintiff held collateral securities for its claim, of the value of about $800; and while this may have been less than the amount of the debt, it could not be said to have been an unsecured debt, that is a debt for which there was no security, within the meaning of the statute. The presiding judge therefore erred in appointing a receiver.

*Judgment reversed. All the Justices concur.*