17151. SOUTHERN RAILWAY COMPANY *v.* AUTRY *et al.*

17152. CITY OF ROME *v.* AUTRY *et al.*

STEPHENS, J. 1. Assuming that a property owner whose land is traversed by a highway is under no duty to alter conditions existing upon the land before the dedication of the highway, so as to render his abutting property safe for travel by persons using the highway, yet where, after the establishment of the highway over his land, a pre-existing condition on the land, which consisted of a deep and wide hole in the ground, became altered by the hole being in the highway and being connected with a shallow ditch or drain in the actually traveled roadway, and there was thus created a condition in both the highway and on the abutting land dangerous to travelers along the highway, the owner of the land owes a duty to travelers along the highway not to negligently maintain this dangerous condition; and where a traveler in an automobile along the highway is injured as a result of the automobile running into the ditch and overturning and falling into the hole, the owner of the land may be liable in damages for the injury thus sustained. *Autry* v. *Southern Ry. Co.,* 32 *Ga. App.* 8 (123 S. E. 752).

2. Where a traveled way over private property in a city has been used by the public more than fifteen years as a public street or highway for vehicular traffic, and constitutes a continuation of the roadway of a public street of the city, and leads into another street of the city, and where the city has recognized it as a street by assuming authority over it and working it as such, it will, as between the city and a

---

Appeal and Error, 4 C. J. p. 929, n. 77; p. 1039, n. 10.
Damages, 17 C. J. p. 1365, n. 61.
Highways, 29 C. J. p. 679, n. 55, 56.
Municipal Corporations, 28 Cyc. p. 835, n. 22, 24; p. 837, n. 38; p. 1465, n. 36; p. 1494, n. 87; p. 1515, n. 99; p. 1518, n. 20; p. 1522, n. 44.
Negligence, 29 Cyc. p. 467, n. 44, 47, 49; p. 547, n. 42; p. 549, n. 50; p. 550, n. 55.
Trial, 38 Cyc. p. 1675, n. 65, 66.

person traveling over it in a vehicle, be regarded as a regularly laid out and dedicated street of the city.

3. Where the contentions of the plaintiff were elaborately set out in the petition, and the defendant set up no affirmative defense, but merely denied the allegations of the petition, and where the trial judge, in his charge to the jury, made a long and elaborate statement of the plaintiff's contentions, and in a short statement referred to the defendant's contentions as being denials of the plaintiff's contentions, yet where he, fairly to the defendant, stated the contentions of both the plaintiff and the defendant, it can not be held that he gave undue prominence to the contentions of the plaintiff, and that such charge was harmful to the defendant. *Macon, Dublin &c. R. C.* v. *Joyner*, 129 *Ga.* 683 (59 S. E. 902).

4. In this suit against the city and a railroad company, which was the owner of land traversed by the traveled way, a mother sought to recover damages for the death of her son, alleged to have resulted when an automobile, in which he was traveling along the highway, fell into a hole, which it is alleged both the defendants negligently maintained. The charge of the court is not subject to the exception that the jury was instructed that if one defendant was negligent, there could be a recovery against both defendants. Nor is it subject to the objection that the jury were instructed that, between the plaintiff and the defendant city, the roadway along which the plaintiff's son was traveling was a public street of the city. Nor is the charge anywhere subject to the objection that the judge erroneously expressed an opinion upon the facts.

5. There being evidence to the effect that the automobile in which the plaintiff's son was traveling did not belong to him, and was at the time being driven by another person, over whom, in the operation of the automobile, the plaintiff's son had no control, the negligence of the driver was not imputable to him. The court properly charged the law in reference to imputed negligence.

6. The petition set out a cause of action against the city, and was good against the demurrer interposed by the city. If the court erred in refusing to pass upon the city's demurrer, upon the ground that it was filed too late, the error was harmless.

7. There was evidence from which the jury could estimate the value to the plaintiff of the life of her son.

8. The court, fairly to both parties, submitted all the issues presented. The evidence authorized the verdict for the plaintiff, and no error of law appears.

*Judgments in both cases affirmed. Jenkins, P. J., and Bell J., concur.*

DECIDED MARCH 5, 1927.

Damages; from Floyd superior court—Judge Maddox. December 18, 1925.

Application for certiorari was denied in No. 17151.

*Harper Hamilton, Maddox, Matthews & Owens,* for Southern Railway Company.

*Paul H. Doyal,* for City of Rome.

*Porter & Mebane,* contra.