GAZAWAY *et al.* v. NICHOLSON *et al.*

No. 13177.   MAY 23, 1940.

*R. Carter Pittman* and *Jack B. Ray*, for plaintiff in error.

*W. E. & W. G. Mann, D. W. Mitchell, W. M. Henderson,* and *Silas Williams*, contra.

BELL, Justice. ■ A child who with other children was regularly transported to and from school in a school bus recovered a verdict against the proprietor of the bus, the person who was operating it for him, and another, for personal injuries alleged to have resulted from negligence of the defendants. The case is before this court on certiorari to review a decision of the Court of Appeals

affirming a judgment refusing to grant a new trial on motion of the proprietor and the driver. For that decision and a statement of the facts see *Gazaway* v. *Nicholson,* 61 *Ga. App.* 3 (5 S. E. 2d, 391). The petition for certiorari, brought by the proprietor of the school bus and his driver, does not raise any question as to whether the proprietor of the school bus was a common carrier, or as to whether any duty prescribed by statute was violated by the driver. Consequently no decision can properly be made on either of these questions. But on the general subject see *Roberts* v. *Baker,* 57 *Ga. App.* 733 (196 S. E. 104); Burnett v. Allen, 114 Fla. 489 (154 So. 515); Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699 (140 So. 798); Pendarvis v. Pfeifer, 132 Fla. 724 (182 So. 307); Archuleta v. Jacobs, 43 N. M. 425, 94 Pac. 2d, 706; 4 Blashfield on Automobiles (1935), § 2177. In the petition for certiorari error was assigned on the following excerpt from the decision of the Court of Appeals: "In the present case should the driver, knowing the dangers incident to the passing of automobiles on the highway, have ascertained the location of the plaintiff's home and have driven his bus on the other side of the highway, so that the young boy could have alighted where he would not have to hazard the highway? Was the place where he was in fact allowed to alight a place of safety for one of his years? Was the driver under the circumstances of the case negligent? If so, his employer Gazaway was also liable for his negligence. These questions were all for the determination of the jury; and under the evidence we think that they were authorized to find that the driver of the bus was negligent, and that his negligence concurred with that of the driver of the automobile in proximately causing the injury and damage to the plaintiff. Consequently it follows that the court did not err in overruling the general grounds of the motion for new trial."

The assignments of error upon the foregoing excerpt merely stated in various forms that the evidence failed to show that in the circumstances the defendants were guilty of any acts or omissions amounting to negligence for which they could be held liable, but on the contrary showed without dispute that the defendants were not negligent as alleged. The Court of Appeals did not err, for any reason assigned, in affirming the judgment overruling the general grounds of the motion for new trial.

The suit being an action against the proprietor, his driver,

and another, to recover damages for *personal injuries,* a charge to the jury that if they found the defendants liable they would not be authorized to return a verdict for different amounts against the respective defendants, even if they should find that the negligence of one was greater than the negligence of another, but should in such case return a verdict in one amount against all of them, was properly held by the Court of Appeals not to be erroneous as contended in the first special ground of the motion for new trial, dealt with in division 3 of the decision under review. The Code, § 105-2011, provides that where several trespassers are sued jointly, the jury may in their verdict specify the particular damages to be recovered of each. In several decisions by this court it has been held that this section has no application to an action for damages for personal injuries, but applies only to trespass on property. *McCalla* v. *Shaw,* 72 *Ga.* 458; *Hunter* v. *Wakefield,* 97 *Ga.* 543 (25 S. E. 347, 54 Am. St. R. 438); *Glore* v. *Akin,* 131 *Ga.* 481 (62 S. E. 580). Each of these decisions was concurred in by all the Justices, and the statements contained therein as to the meaning of the foregoing section were not obiter dicta as here contended. To the same effect, see *Hay* v. *Collins,* 118 *Ga.* 243 (44 S. E. 1002), decided by five Justices, and *Lee* v. *Central of Georgia Railway Co.,* 147 *Ga.* 428 (94 S. E. 558, 13 A. L. R. 156), by four Justices, but in which latter case the statement may have been obiter. The decision in *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870), considered the word "trespass" only in connection with a constitutional provision relating to *venue* (Code, § 2-4304), and is not opposed to the other decisions of this court, cited above, as to the meaning of § 105-2011. Compare *Central of Georgia Railway Co.* v. *Brown,* 113 *Ga.* 414 (2) (38 S. E. 989, 84 Am. St. R. 250); *Southern Railway Co.* v. *Harden,* 101 *Ga.* 263 (28 S. E. 847).

While the decision in *Southern Railway Co.* v. *Rome,* 179 *Ga.* 449 (176 S. E. 7), may contain some language regarding "tort" and "trespass" which is inconsistent with the conclusion here reached, the question there for determination related to the right of contribution as between joint tort-feasors, one of which had paid a judgment against both of them. The final conclusion was based upon the principle that "where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others." Code, § 37-303. Accord-

ingly, that decision is not authority for the contention that the charge of the trial judge was erroneous, but contains only a dictum in support of that view. Anyway the earlier unanimous decisions would, unless reviewed and overruled, be binding on this question. The comparative-negligence statute (Code, § 105-603), which was elsewhere given in charge by the judge, did not require a charge different from that given, and assigned as error, as to the right of the jury to find different amounts against the several defendants.

The rule that where several defendants are shown to be liable as tort-feasors the jury shall assess damages against all of them jointly in one amount is of common-law origin, and remains of force where it has not been changed by statute. *Simpson* v. *Perry,* 9 *Ga.* 508. It may be true that in such case the rule as to comparative negligence can not in every instance be applied in favor of each separate defendant to the same extent as if one party only had been sued, the argument here being that in the former case the plaintiff's negligence must be compared with the combined negligence of all the defendants considered as a unit, whereas in the latter case only the negligence of the one and sole defendant can be treated as the unit of comparison. However that may be, the mere fact that the same formula might produce results which vary to some extent as to the individual defendants in the two cases would not within itself authorize the conclusion that enactment of the comparative-negligence rule operated to change the common law rule as to joint verdicts. See Code of 1863, § 2914; Code of 1933, § 105-603; Hall *v.* McClure, 112 Kan. 752 (212 Pac. 875, 30 A. L. R. 782, note) ; 17 C. J. 1084, § 393; 45 C. J. 1039, § 598. Any such variance would constitute a mere incident in applying the comparative-negligence statute, and manifestly it would require more than this to change the joint verdict rule. *Banks* v. *Darden,* 18 *Ga.* 318 (3) ; *Ball* v. *Lastinger,* 71 *Ga.* 678. (1 *b.*)

The rule was, of course, not changed by § 105-2011, if that section, as previously held by this court, applies only to property damage. The request to review and overrule the former decisions to that effect is declined. For cases applying the statute where property rights were involved, see *Ivey* v. *Cowart,* 124 *Ga.* 159 (6) (52 S. E. 436, 110 Am. St. R. 160) ; *Gormley* v. *Slicer,* 178 *Ga.* 85 (4) (172 S. E. 21).

■ The ruling in the first division may not be taken as a

precedent on the grant of certiorari, the question whether the evidence supported the verdict being the only question raised by the assignments of error there considered. Except for the questions dealt with in the second division, the petition would not have presented a proper case for certiorari. See Rule 52 (2-b), 187 *Ga.* 843.

*Judgment affirmed. All the Justices concur.*