31846. GOLDSTEIN *et al. v.* GEE.

DECIDED FEBRUARY 19, 1948. REHEARING DENIED MARCH 18, 1948.

638

*B. Hugh Burgess, Matthews, Long & Moore,* for plaintiffs in error.

*Smith, Partridge, Field & Doremus,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The evidence, though conflicting, is sufficient to support the verdict, and the judge did not err in overruling the general grounds of the motion for a new trial.

■ In special grounds 4 and 6 of the motion, complaint is made on certain charges of the court to the effect that, if the plaintiff was riding as an invited guest in an automobile operated by another, and the plaintiff had no right to control, direct, or govern the operation of the automobile, the negligence of the driver would not be imputable to the plaintiff. It was held in *Southern Railway Company* v. *Autry,* 36 *Ga. App.* 552 (5) (137 S. E. 414): "There being evidence to the effect that the automobile in which the plaintiff's son was traveling did not belong to him, and was at the time being driven by another person, over whom, in the operation of the automobile, the plaintiff's son had no control, the negligence of the driver was not imputable to him." Also, see *Sheppard* v. *Georgia Railroad & Banking Co.,* 68 *Ga. App.* 697 (23 S. E. 2d, 441); *Hare* v. *Southern Railway Co.,* 61 *Ga. App.* 159 (6 S. E. 2d, 65). Also, see *Ault* v. *Whittemore,* 73 *Ga. App.* 16, 18 (35 S. E. 2d, 530). Under the facts of this case, the court did not err in giving the charges complained of and in overruling special grounds 4 and 6 of the motion for a new trial.

■ Complaint is made in special ground 5 of the motion that the court erred in failing to instruct the jury, without a request, that if the negligence of the driver of the car in which the plaintiff was riding proximately caused the injury sued for, the plaintiff would not be entitled to recover of the defendants. The plaintiff alleged in her petition that her injuries were the proximate result of specified acts of negligence of the defendants, and

the answer of the defendants merely denied the allegations of the petition. The court instructed the jury as to the contentions of the parties and that, if the plaintiff recovered, "she must recover upon the acts of negligence of the defendants, as alleged in her petition." The court charged: "I charge you further, gentlemen of the jury, that [the law required] the plaintiff be in the exercise of ordinary care, and the definition of ordinary care, as applied to her, is the same as applied to the defendant, just that care that every prudent man would exercise under the same or similar circumstances. I charge you further, gentlemen that, if the plaintiff could have avoided to herself the consequences of the defendant's negligence, if there was any, after it arose and was impending, if such negligence did arise or could have been discovered by her, she could have avoided the consequence to herself of the defendant's negligence, if that existed, then the plaintiff could not recover. So it would be a question of fact for you to determine whether the plaintiff was negligent and whether she could have avoided the negligence of the defendant, if that existed." Under the pleadings and evidence, no harmful error is shown by special ground 5, and the court did not err in overruling this ground.

■ In special ground 7 of the motion, complaint is made that the court erred in giving the following charge; "This suit, gentlemen, is based by the plaintiff upon the negligence of the defendant, through the defendant's servant and employee, the driver, who was driving the automobile which struck the automobile in which the plaintiff was riding as a guest at the time of her alleged injuries," upon the ground that it was an expression of opinion by the court that the automobile of the defendant struck the car in which the plaintiff was riding. The balance of the sentence of the charge excepted to was, "and which is alleged to have been the proximate cause of her injuries, for which she is seeking to recover damages." The court in this instruction was merely telling the jury that the plaintiff's suit was based on negligence and giving the contentions of the plaintiff in this respect. Under the pleadings and the evidence, no harmful error to the defendants is shown by this ground of the motion.

■ Special ground 8 of the motion has been abandoned by the plaintiff in error, and therefore it is not necessary to pass on the same. *Judgment affirmed. Felton and Parker, JJ., concur.*