**32188. McCARTHY** *et al v.* **COMBS.**

DECIDED DECEMBER 4, 1948. REHEARING DENIED DECEMBER 16, 1948.

*Fulcher & Fulcher, Bussey & Hardin,* for plaintiffs in error.
*Pierce Brothers,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The instant tort action is one for personal injuries as contra-distinguished from one for trespass on property; and Code § 105-2011, providing that, where several trespassers are sued jointly, the jury may in their verdict specify the particular damages to be recovered of each, does not apply (*General Oil Co.* v. *Crow,* 54 *Ga. App.* 139(5) 187 S. E. 221), as this section has been held to apply only to trespass on property. See *McCalla* v. *Shaw,* 72 *Ga.* 458.

The common-law rule, to the effect that, where several defendants are shown to be liable as tort-feasors, the jury shall assess damages against all of them jointly in one amount, is of force in this State. See *Gazaway* v. *Nicholson,* 190 *Ga.* 345 (9 S. E. 2d, 154).

This being a case for personal injuries, a several verdict against the joint defendants is illegal. See *McCalla* v. *Shaw,* supra; also *Glore* v. *Akin,* supra, which is very similar to the case at bar. The verdict in the *Glore* case was in favor of the plaintiff against the two defendants in a certain amount "to be divided equally between them." The verdict in the instant case was in favor of the plaintiff against the two defendants in a certain amount "share and share alike." We think that the *Glore* case is so much in point as to be controlling in the instant case, and that there is no real difference between the meaning of the phrases, "to be divided equally between them" and "share and share alike;"

as used in these two verdicts. In the *Glore* case, the phrase used was held to mean that the $300 verdict rendered by the jury was a several verdict of $150 against each defendant. In view of that construction, we are constrained to hold that the phrase, "share and share alike," means the same thing in the instant case and must have the same legal effect. Headnote 1 of the *Glore* case is as follows: "Where suit was brought jointly against two defendants for malicious prosecution, and a verdict was rendered against them for a stated amount, 'to be equally divided between them,' this was in effect a several verdict for one-half the amount stated against each of the defendants, and was not legal."

The judgment of the trial court denying the motion in arrest of judgment is therefore error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*