40389. HIGHTOWER v. LANDRUM et al.

DECIDED APRIL 2, 1964.

512

*Allgood & Childs, Thomas A. Allgood, J. Cecil Davis, E. Purnell Davis,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, Randall Evans, Jr.,* contra.

EBERHARDT, Judge. In special ground 1 of the amended motion for new trial error is assigned upon the ground 'that the verdict is contrary to a specified portion of the charge of the court. "An assignment of error that a verdict is contrary to the charge of the court, or to a portion thereof, is in effect merely an assignment that the verdict is contrary to law, and presents no question for decision. *Roberts v. Keeler,* 111 Ga. 181 (6), 184 (36 SE 617); *Wight v. Schmidt,* 111 Ga. 858 (36 SE 937); *Napier v. Burkett,* 113 Ga. 607 (38 SE 941); *Fryer v. State,* 12 Ga. App.

533 (77 SE 830) ; *Lamb v. McHan,* 17 Ga. App. 5 (86 SE 252) ; *McKelvin v. State,* 17 Ga. App. 413 (87 SE 150)." *Ellis v. Riley,* 18 Ga. App. 778 (1) (90 SE 724).

■ In special ground 2 error is assigned upon the charge of the court: "Gentlemen of the jury, there were certain allegations in the plaintiff's petition about the injuries that were received in this collision by Mr. Jake Landrum, the husband of Mrs. Landrum. Now gentlemen these are in the petition for the purpose of showing whether or not the question should be submitted to the jury as to whether or not Mrs. Landrum has lost her right of consortium with her husband, and you are not concerned with how much Mr. Landrum himself might have been injured. There is no suit here in his favor." It is contended that the jury *was* concerned with how much the husband had been injured and that to charge the jury that the extent of his injuries was no concern of theirs was error harmful to the defendant.

We think this assignment has merit. The amount of the impairment or disablement of the husband is basic in determining whether and to what extent the wife has been deprived of his consortium. If the portion of the quoted charge "and you are not concerned with how much Mr. Landrum might have been injured. There is no suit here in his favor," had been omitted the charge would have been proper and free from error.

■ In special ground 3 error is assigned upon the charge: "There is no suit here in his favor." While it would have been better if the court had made no reference to the matter of any suit, or lack of it, in the husband's favor since that matter was entirely irrelevant to the issue on trial, yet we can see no harmful error in this statement. It is urged that this was calculated to influence the jury to include in their verdict some amount for the husband's injuries, but we think it just as logical to say that it was calculated to caution them to refrain from that.

■ In special ground 4 error is assigned upon the charge: "In other words, there is no suit here by Mr. Landrum himself, and you are not concerned with whether or not Mr. Landrum is entitled to recover. There is no suit here in his favor; this is merely the case of Mrs. Landrum and you are to determine whether or not Mrs. Landrum is entitled to recover, and what

■

that amount would be." It is urged that the statement to the jury that "you are not concerned with whether or not Mr. Landrum is entitled to recover" is incorrect because it is basic and fundamental that no determination of any loss of consortium could be made unless the jury could find, under the facts of this case, that the husband had a cause of action against these defendants for his own injuries.

We are in agreement with this contention. The jury was necessarily concerned with the matter of whether the facts were such that liability would attach against the defendants for their alleged negligence in causing injury to Mr. Landrum. The right of the wife to recover for loss of consortium on account of alleged injuries inflicted upon her husband can not arise unless her right to the consortium has been adversely affected under circumstances giving rise to liability and from which liability attaches. Suppose, for example, it should appear that the husband's injuries had resulted from a pure accident, or from some non-negligent act of another, certainly it could not be held that simply because the consortium is lost the wife may recover. And so, before making any determination that the wife is entitled to recover the jury must determine whether the consortium has, in fact, been lost and, if so, whether the cause of the loss was such as to give rise to liability on the part of the defendants. One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other. Henningsen v. Bloomfield Motors, Inc., 32 N. J. 358 (161 A2d 69, 101).

It is, of course, proper and a duty of the court clearly and plainly to admonish the jury that in the event a verdict is returned for the wife it should not include any award for the injuries that the husband may have suffered, and that it is to represent only compensation to the wife for her loss of consortium. This may well have been what the court here intended to accomplish in giving the portions of the charge excepted to in Divisions 2, 3 and 4 of this opinion, but we apprehend that the objective may not have been accomplished. The wording of the charge was inapt.

■ (a) In special ground 5 error is assigned upon the charge: "Gentlemen, if you should find in favor of the plaintiff in this

case, of course you would find so many dollars and so many cents in one lump sum. You cannot divide it as between the defendants or anything of that kind; you must find one lump sum, so many dollars and so many cents." It is contended that the instruction that if the jury should find for the plaintiff it must be in one lump sum and could not be divided as between the defendants was error, and that no measure of damages was given the jury as a basis for making a verdict. *Code* § 105-2011 does provide that "Where several trespassers are sued jointly, the plaintiff may recover, against all, damages for the greatest injury done by either. The jury may, in their verdict, specify the particular damages to be recovered of each, and judgment in such case must be entered severally," and in *Cox v. Strickland,* 120 Ga. 104 (1) (47 SE 912, 1 AC 870) the Supreme Court asserted that "While the word 'trespass' generally involves the idea of force, yet in its broadest sense it comprehends any misfeasance, transgression, or offense which damages another's person, health, reputation or property" and at page 107 in discussing the meaning of the word "trespass" quoted approvingly from Ten Eyck v. Runk, 31 NJL 430, where it was held that the synonym of trespass "in law Latin was transgresio, a term which, in its comprehensive signification, embraced every infraction of a legal right." But the Supreme Court has also held that "Section 3075 [now § 105-2011] of the Code, providing for the apportionment of damages by the jury, where several trespassers are sued jointly, has reference to trespasses committed on property, and not to an action for a personal tort." *McCalla v. Shaw,* 72 Ga. 458. This view was given approval in *Hunter v. Wakefield,* 97 Ga. 543 (25 SE 347, 54 ASR 438); *Glore v. Akin,* 131 Ga. 481 (62 SE 580), and *Eidson v. Maddox,* 195 Ga. 641, 643 (24 SE2d 895). In *Gazaway v. Nicholson,* 190 Ga. 345 (9 SE2d 154) a charge very similar to that here complained of was held to be proper, and at page 347 the court referring to the holding in *McCalla, Hunter* and *Glore* observed that "Each of these decisions was concurred in by all the Justices, and the statements contained therein as to the meaning of the foregoing section were not obiter dicta as here contended."

(b) Now as to the contention that no measure of damages was given the jury in connection with this charge, or elsewhere

in the charge, a reading of the entire charge discloses that no measure was mentioned. Damages for loss of consortium, like damages for pain and suffering, are general damages. The measure, then, as for pain and suffering, is the enlightened conscience of an impartial juror. We know of no other. "Where there is no exact pecuniary measure, but the extent of a recovery, if any, must be left to the enlightened consciences of impartial jurors, no very elaborate instructions are required; but it would certainly have been better practice for the court to have given the jury some instruction on the subject." *Central of Ga. R. Co. v. Madden*, 135 Ga. 205, 214 (69 SE 165, 31 LRA(NS) 813, 21 AC 1077). A charge in the language of *Code* § 105-2001 would have sufficed. *Barnes v. Kittrell*, 55 Ga. App. 319, 320 (2) (190 SE 39). Cf. *Crown Cotton Mills v. McNally*, 123 Ga. 35, 39 (6) (51 SE 13). Some charge on this subject should have been and doubtless will be given on the next trial.

■ In urging the general grounds of the motion it is contended that since it appeared from the testimony of plaintiff's husband that this defendant, Hightower, was his servant, under his direction and control[1] at the time of the accident in which Landrum is alleged to have been injured, and since Landrum was personally present, sitting on the seat of the truck next to Hightower and giving direction as to its operation, the negligence, if any, of Hightower was imputable to Landrum—that Landrum himself could not recover against Hightower, and consequently Mrs. Landrum could not recover against him for the loss of her husband's consortium.

There are many cases, both of this court and the Supreme Court, holding that the doctrine that the negligence of the driver of a vehicle, who by such negligence contributes to cause a collision is not imputable to another person riding by invitation in the vehicle, *unless that person had some right or was under some duty to influence the driver's conduct.* See *Southern R. Co. v.*

---

[1] Landrum testified: "On the day of the wreck [Willie Hightower] was working for me, driving the vehicle under my control and my direction. The only purpose Willie had in the truck was to assist me in getting [to] and to do the work that I directed him to do."

*King,* 128 Ga. 383 (57 SE 687, 11 LRA(NS) 829, 119 ASR 390) ; *Adamson v. McEwen,* 12 Ga. App. 508, 511 (77 SE 591) ; *Fuller v. Mills,* 36 Ga. App. 357 (136 SE 807) ; *Southern R. Co. v. Autry,* 36 Ga. App. 552 (137 SE 414) ; *Engle v. Finch,* 37 Ga. App. 389 (3) (140 SE 632) ; *Jones Mercantile Co. v. Copeland,* 54 Ga. App. 647 (188 SE 586); *Goldstein v. Gee,* 76 Ga. App. 637 (2) (46 SE2d 763) ; *Pitts v. Farlow,* 94 Ga. App. 314 (94 SE2d 391). And it has been held that "The negligence of a servant in failing, while driving his master in a vehicle, to avoid danger is imputable to the latter." *Read v. City & Surburban R. Co.,* 115 Ga. 366 (4) (41 SE 629) ; *Lytle v. Hancock County,* 19 Ga. App. 193 (91 SE 219); *Rogers v. Johnson,* 94 Ga. App. 666, 678 (4) (96 SE2d 285). But these cases deal with situations in which the occupant of the vehicle, or the master, as the case may have been, was *seeking to recover from a third party* for his injuries. In that situation the negligence of the servant-driver *is* imputable to the master, and if his negligence or the combined negligence of the servant and the master is equal to or in excess of that of the third party there can be no recovery by the master.

But, where, as here, the action is brought by the master against his servant-driver and a third person, the rule is different *insofar as the action is against the servant.* "The doctrine of imputed negligence has no application . . . to actions brought by the master against the servant to recover for injuries suffered by the former as a result of the latter's actionable negligence" for "it would offend justice and right to impute the negligence of a servant to his master and thus exempt him from the consequences of his own wrong-doing where the negligence proximately causes injury to a master who is without personal fault." Rollison v. Hicks, 233 N.C. 99 (63 SE2d 190). "[W]here the injured party brings an action against the driver based upon the negligence of such driver, neither the fact that such injured party is the owner of the car, nor the fact that he is the employer or principal for whom the driver is acting, nor the fact that he is engaged in a joint enterprise with the driver, should defeat the action. It goes without saying that an owner, employer, principal, or any other person who is personally present may be chargeable with contributory negligence in an action brought by such person against the driver, but in such cases it is actual

negligence and not imputed negligence which bars the recovery." Ledgerwood v. Ledgerwood, 114 Cal. App. 538 (300 P 144). Though the master's contributory negligence may *bar* his recovery in California, while in Georgia under the comparative negligence rule it may bar it only if the master's negligence equals or exceeds that of the servant, the rule is otherwise the same. Accord, Donohue v. Jette, 106 Conn. 231 (137 A 724); Shaker v. Shaker, 129 Conn. 518 (29 A2d 765); Darman v. Zilch, 56 R. I. 413 (186 A 21, 110 ALR 826); Urquhart v. McEvoy, 204 Misc. 426 (126 NYS2d 539). And in *Morris v. Cochran,* 98 Ga. App. 786 (106 SE2d 836) this court held that the owner-occupant of an automobile may recover from the driver for his negligent acts causing injury to the owner "so long as the negligent act itself was not committed at his [the owner's] behest so as to make it his act rather than . . . [the driver's]," and "[n]egligence of a driver not caused or ratified by the owner of an automobile riding therein will not prevent an action by the owner against the driver under the common law principles which render an agent liable to his principal or a servant to his master resulting from a personal tort."

While, as was further held in that case, "[t]he negligence of the driver of an automobile, *in an action by or against third parties,* is imputable to the owner-occupant thereof" (emphasis supplied) under circumstances giving rise to a right or a duty of the owner-occupant to control the driver's actions, that does not apply in an action between the owner-occupant and the driver, or if the action be brought against both the driver and a third party it does not apply as against the owner in his effort to recover from the driver, though it does apply as between him and the third party. Cf. Mason v. Russell, 158 Cal. App. 2d 391 (322 P2d 486).

While under the evidence a verdict in favor of Hightower was authorized, we can not say that it was demanded. There was some evidence, obtained principally on cross examination of the driver of the vehicle that struck the Landrum truck from behind, upon which the jury might conclude that Hightower was to some extent at fault and that his acts were a concurrent proximate cause of Landrum's injuries. The general grounds are

therefore without merit. *Georgia Power Co. v. Blum,* 80 Ga. App. 618 (2a, b) (57 SE2d 18).

*Judgment reversed for reasons stated in Divisions 2, 4, and 5(b). Felton, C. J., Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Russell and Pannell, JJ., concur.*