## 43819.   CRAVEN v. ALLEN et al.

DEEN, Judge. 1. The verdict of the jury in this personal injury case read: "We the jury find in favor of the plaintiff the amount of $10,000, and against the defendant James Hershell Allen in the amount of $1,000, and against the defendant Robert C. Mauk in the amount of $9,000." The trial court entered an order declaring the verdict illegal. The appellant moved for judgment in accordance with the verdict, the denial of which is enumerated as error.

(a) The common law rule against apportionment of compensatory damages is in force except in those states which have by statute expressly authorized apportionment by the jury. See Norris v. Richards, 193 Tenn. 450 (246 SW2d 81); Stoewsand v. Checker Taxi Co., 331 Ill. App. 192 (73 NE2d 4); Ress v. Rediess, 130 Col. 572 (278 P2d 183); Aitken v. White, 93 Cal. App. 2d (208 P2d 788); Brewer v. Appalachian Constructors, 138 W. Va. 437 (76 SE2d 916); Fitzgerald v. Thompson, 167 Kan. 87 (204 P2d 756); Bakken v. Lewis, 223 Minn. 329 (26 NW2d 478); Southland Broadcasting Co. v. Tracy (Miss.), 50 S2d 572; Bell v. Riley Bus Lines (Ala.), 57 S2d 612.

(b) Georgia follows the common law rule against apportionment of damages among joint and several tortfeasors except where, under the provisions of *Code* § 105-2011, the statute law sanctions such apportionment in cases involving trespasses to property. *McCarthy v. Combs,* 78 Ga. App. 426 (50 SE2d 805); *Hightower v. Landrum,* 109 Ga. App. 510 (5a) (136 SE2d 425); *Glore v. Akin,* 131 Ga. 481 (1) (62 SE 580).

(c) Is the above stated rule changed by the provisions of *Code Ann.* § 81A-120 which provides in part: "Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities"? This section adopted verbatim the provisions of Rule 20, Fed. R. Civ. P., which contains the general provisions for the permissive joinder of plaintiffs and defendants in civil actions, and insofar as possible it should be construed in the context in which it was applied in Federal courts. These courts have uniformly held that whether or not the jury may apportion a verdict as between joint and several tortfeasors depends entirely on the

law of the state in which the case is tried, and is not affected by the language of Rule 20. See Ford Motor Co. v. Hill, 245 FSupp. 796; Detroit City Gas Co. v. Syme, 109 F2d 366; Malone v. Wright, 364 F2d 818. In Stoewsand v. Checker Taxi Co., 331 Ill. App. 192, 204, supra, it was held that an Illinois statutory provision that "more than one judgment may be rendered in the same case" did not affect the substantive state law, but referred to "the use of separate judgments only when the plaintiff presented separate demands or causes of action against the several defendants." Rule 20 has not, so far as we can ascertain, received any contrary construction. *Code* § 105-2011 has been neither modified nor repealed. Taken in context, the last sentence of *Code Ann.* § 81A-120 and Federal Rule 20 from which it was adopted refer to circumstances where defendants counter claim or file cross actions or where the plaintiff sets up separate or alternate demands. Nothing in the pleadings in this case suggests that the plaintiff seeks other than a joint judgment against joint and several tortfeasors. We accordingly hold that the verdict was illegal, and that the trial court did not err in granting the motions for mistrial.

*Judgment affirmed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

ARGUED SEPTEMBER 9, 1968—DECIDED OCTOBER 8, 1968.

*C. C. Perkins,* for appellant.

*Neely, Freeman & Hawkins, Joe C. Freeman, Jr., Greer & Murray,* for appellees.

PANNELL, Judge, concurring specially. After the verdict was published both defendants moved for a mistrial and the trial judge entered an order declaring a mistrial. The plaintiff appellant later filed a motion to set aside this order and for judgment in accordance with the verdict of the jury. The trial judge entered an order overruling and denying appellant's motion to set aside the order granting the mistrial and to enter judgment in accordance with the verdict of the jury. The appellant entered an appeal from this judgment.

I concur in the interpretation placed upon Section 20 of the Civil Practice Act (Ga. L. 1966, pp. 609, 631; *Code Ann.* § 81A-120) but not on the basis of the interpretation by the

federal court that as a federal rule it did not affect the state law, but solely on the basis that this rule as enacted into the law of this state, does not change the rule prohibiting the apportionment of the damages in a verdict against joint tortfeasors. It is my opinion that a motion for mistrial cannot be used as a method of attack on an allegedly void verdict; however, since the trial judge on his own motion had authority to set aside the verdict there is no cause for reversal. Since this case is being affirmed I have passed over the question of whether the appeal should be dismissed for the reason that a certificate of the trial judge providing for appeal of the order overruling the motion to set aside the grant of the "mistrial" and overruling the motion to enter a judgment in accordance with the verdict does not appear to have been entered in accordance with Sec. 1, Subpar. (2) of the Act approved April 8, 1968 (Ga. L. 1968, p. 1072).