47051. GAMBLE et al. v. REEVES TRANSPORTATION COMPANY et al.

ARGUED APRIL 3, 1972—DECIDED APRIL 27, 1972.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick,* for appellants.

*Matthews, Walton, Smith, Shaw & Maddox, Oscar M. Smith,* for appellees.

STOLZ, Judge. The appellants' ninth defense, as quoted above, failed to state a claim upon which relief can be granted under *Code Ann.* § 81A-108 (a) (Ga. L. 1966, pp. 609, 619, as amended). It does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not allege that the co-defendants were guilty of any negligence that resulted in any damages sustained by appellants. *White v. Augusta Motel Hotel Inv. Co.,* 119 Ga. App. 351, 353 (167 SE2d 161).

The appellants' ninth defense seeks to make the co-defendants liable in the event "it were determined that the plaintiff on its claim is entitled to recover from these defendants" (appellants).

The cross claim stated no basis for a claim for indemnification. Black's Law Dictionary (3d Ed.) defines "indemnity" as follows: "A collateral *contract* or *assurance,* by which one person engages to secure another against an anticipated loss or to prevent him from being damnified by the legal consequences of an act or forbearance on the part of one of the parties or of some third person. . . [citing, inter alia, *Nat. Bank of Tifton v. Smith,* 142 Ga. 663 (83 SE 526)]. The term is also used to denote a compensation given to make the person whole from a loss already sustained; . . ." (Emphasis supplied). The first definition above is not applicable to the present situation, in which no contract or assurance is alleged to be involved. The second definition is also inapplicable, as it pertains to losses already sustained.

Nor did the cross claim state a claim for contribution. Contribution between joint tortfeasors is permitted under the provisions of *Code Ann.* § 105-2012 (Ga. L. 1966, p. 433) when the judgment has been entered against both joint tortfeasors and when it has actually been paid by one in an amount exceeding his pro rata share. *Powell v. Barker,*

96 Ga. App. 592, 595 (101 SE2d 113); *Thornhill v. Bullock,* 118 Ga. App. 186 (2) (162 SE2d 886); *Hangar Cab Co., v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292).

In the present case, neither of the above conditions has been met. No judgment has been entered against both joint tortfeasors; hence, the cross claimants could not have paid any judgment or a pro rata share thereof. Furthermore, the cross claim does not seek merely the co-defendants' payment of their *pro rata share* of any joint judgment against all of the defendants (which is recoverable by contribution), but goes further to seek to recover from the co-defendants the *entire amount* for which the cross claimants may be held liable under a joint judgment. This amounts to a defense completely denying all liability to the plaintiff, which cross claimants asserted elsewhere in their answer and which was, therefore, subject to being stricken for redundancy. *Code Ann.* § 81A-112 (f) (Ga. L. 1966, pp. 609, 622; as amended). The issues of the liabilities of all of the parties defendant, including the cross claimants, were made by the pleadings and must be decided by a jury at the trial. If the jury finds against the cross claimants and in favor of their co-defendants, this would adjudicate their co-defendants' nonliability to the plaintiff, hence their nonliability for contribution to the cross claimants. On the other hand, if the verdict and judgment are against *all* of the defendants jointly and severally, this would adjudicate the cross claimants' (as well as their co-defendants') negligence and liability to the plaintiff; even if the cross claimants then paid the entire judgment, they could recover only the amount paid in excess of their pro rata share thereof from their co-defendants, and not the full amount of the judgment, as they sought to do.

"Georgia follows the common law rule against apportionment of damages among joint and several tortfeasors except where, under the provisions of *Code* § 105-2011, the statute law sanctions such apportionment in cases involving *trespasses to property.*" *Craven v. Allen,* 118 Ga. App. 462 (1b) (164 SE2d 358) and cit. (Emphasis supplied). The provision

in *Code Ann.* § 81A-113 (g) (Ga. L. 1966, pp. 609, 625), "Such cross claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant," does not modify the above-stated common law rule in effect in this State in an action seeking a joint judgment against joint and several tortfeasors, just as this rule was held not to have been modified by *Code Ann.* § 81A-120 (Ga. L. 1966, pp. 609, 631) in the *Craven* case, supra.

The cross claim did not state a claim against the co-defendants; therefore, the trial court properly dismissed it and struck the accompanying prayer for relief.

*Judgment affirmed. Bell, C. J., concurs. Evans, J., concurs in the judgment only.*