HERGET, Judge.
From a judgment in favor of plaintiff, Arthur Harris, Sr., against defendants, Percy Gros, George Washington and United States Fire Insurance Company for the sum of $4,078.75 and rejecting the demands *60 of Plaintiff and dismissing his suit against Marquette Casualty Company, defendants Percy Gros, George Washington and United States Fire Insurance Company appealed, as did Arthur Harris, Sr., from the judgment rejecting his demands and dismissing his suit against Marquette Casualty Company. Arthur Harris, Sr. answered the appeals taken by Gros, Washington and United States Fire Insurance Company praying that the judgment be increased from $4,078.75 to $49,500.75.
On November 3, 1961 a pickup truck operated by Carlton Johnson, traveling in a northerly direction, struck the rear of a truck-trailer belonging to Percy Gros, insured by United States Fire Insurance Company, parked in such a manner on Louisiana Highway 1 that the rear thereof extended onto the northbound traffic lane some eight feet. George Washington, the employee of Gros, had experienced mechanical difficulties with the truck and had parked same on the highway as described above. After striking the rear of the trailer, Johnson’s vehicle was in collision with the Oldsmobile of Plaintiff proceeding on Louisiana Highway 1 in a southerly direction. Plaintiff instituted his suit against Gros (Washington’s employer), George Washington, United States Fire Insurance Company, and Marquette Casualty Company, the insurer of the pickup truck operated by Carlton Johnson, contending the accident resulted because of the concurrent negligence of (1) Washington in parking the truck-trailer on the roadway without adequate warning devices; and (2) that Johnson was guilty of negligence in failing to maintain a proper lookout and in operating his pickup truck at an excessive rate of speed in view of the poor prevailing weather conditions.
The evidence reveals on the morning of the accident (the precise time of which is in dispute) Washington had driven the truck of Gros in a northerly direction in Ascension Parish on Louisiana Highway 1 a two-lane blacktopped road and, due to mechanical difficulties, had parked his truck as above described on Louisiana Highway 1. Washington testified that he set out two reflectors, one to the front and one to the rear of the parked truck-trailer and placed the parking lights of the truck on. He related' he was standing to the rear of the truck when he observed the approaching Johnson vehicle and he attempted to flag it down but without Johnson reducing the speed or taking any other precautionary action, his-vehicle collided with the rear of the trailer.
There was controversy in the testimony of the witnesses as to the weather conditions and the time of the occurrence of the accident. Plaintiff testified the accident occurred at 5 :45 a. m. He was certain of this because of having looked at his watch prior to the collision and it was then 5:40 a. m. Fie observed there was no fog; there was a misty rain which necessitated turning on the windshield wipers of his automobile;, he had the headlights of his truck on; he was driving toward Donaldsonville at 35 miles per hour; he observed the parked truck when the headlights of his automobile-made a reflection on the glass of the truck. He did not, however, observe the truck was blocking a portion of the northbound traffic lane of the highway until he was within-some thirty-five feet of the vehicle. According to his testimony the truck-trailer blocked the northbound lane and protruded a few feet onto the southbound lane; he had sufficient room to pass but upon attempting to pass the parked vehicle he was in collision with the Johnson pickup truck in-the southbound lane, Plaintiff’s proper lane. Plaintiff did not observe the Johnson vehicle prior to the accident because same was obscured by the parked Gros truck. Plaintiff was unable to avoid the accident.
Anthony Rome testified the accident happened at approximately 6 a. m.; that he-had passed the parked truck while traveling in a southerly direction; that he had his car lights on as it was still dark, though not foggy, and the rain had recently stopped; he was driving at a speed of 40 miles per hour and upon observing the truck partially parked in the northbound traffic lane and upon meeting and passing the Johnson truck he looked in his rear view *61 mirror and saw first the Johnson vehicle sending up a spray of water from the road, evidently resulting from the application of the brakes. He further related Johnson made an attempt to avoid striking the back end of the truck by taking the other lane. He was unable to say whether or not the parked truck had its lights on but as he passed the truck he did observe a reflector some 50-65 feet to the rear of the trailer. Upon seeing the collision he returned to the scene of the accident and noted that the trailer extended onto the northbound traffic lane so as to block all but two feet of it.
Without detailing the testimony of the other witnesses who appeared on the trial of the case, we believe a composite of such evidence shows that the accident occurred at approximately 6 a. m.; that visability was impaired to some extent necessitating the judicious use of headlights; that several cars had passed the parked Gros truck-trailer without mishap after it had stopped in the position it was in when this collision occurred; that the lights were not burning on the truck; that the road was wet; that George Washington had set out only two reflectors and not three as required by the statute; that in placing the two, one at the front and one at the rear of the truck-trailer, he did not place them at the distance required by the statute of 100 feet but only 60 feet; that Carlton Johnson made no effort to avoid striking the truck-trailer until he was in such close proximity same could not be avoided.
CONCLUSIONS.: We are of the opinion, (1) Washington negligently drove onto the highway a vehicle which he knew was mechanically defective; (2) that he negligently parked the truck-trailer in such a position that eight feet thereof blocked the travel portion of the lane for northerly traffic; (3) that the truck-trailer had no luminous surface or reflectors which would make it more apparent to motorists; (4) that Washington placed only two and not three reflectors as required by the statutes and the two he placed were not at the required distance; (5) that he therefore was guilty of negligence which was a contributing factor in the ensuing collisions.
As to Carlton Johnson, we believe he was not free of negligence which was a contributing cause to the accident. Either he was traveling at an excessive rate of speed under the weather conditions or he failed to timely observe the presence of the parked truck-trailer. Especially is this apparent when considered with the factual finding that other vehicles had passed the parked truck-trailer without mishap. Because of the weather conditions, the impaired visability warranted his exercising a greater degree of care than that which he was shown to have exercised, for apparently he saw neither the reflector, the parked truck-trailer blocking his lane of traffic nor the driver of the truck. Other than applying the brakes, skidding and swerving his car to his left when he was in close proximity to the parked truck-trailer he did nothing to avoid the collisions.
Having found Arthur Harris, Sr. to be guilty of no negligence and entitled to recover for the damages sustained, we come to the quantum to be awarded.
The Trial Court rendered judgment in favor of the Plaintiff for the sum of $4,078.75. This award consists of the following items: loss of automobile $750; medical $500.75; loss of wages $828 and personal injuries $2,000.
As a result of the accident Plaintiff was hospitalized for a period of eighteen days. Doctor Schexnayder testified that Plaintiff’s injuries, a severe contusion of his chest and sternal area, a partial separation of the second rib from the sternum, together with a severe injury to his left pectoralis major muscle, were exceedingly painful. We are of the opinion the amount of the award for personal injuries should be increased to the sum of $3,000 or a total sum of $5,078.75. Dufore v. Daugereaux, La.App., 122 So.2d 666; Pellegrin v. Canal Insurance Company, La.App., 111 So.2d 568 *62 and Ferguson v. Highway Insurance Underwriters, La.App., 109 So.2d 289.
For these reasons the judgment of the Trial Court rejecting the demands of Arthur Harris, Sr. and dismissing his suit against Marquette Casualty Company is reversed. The judgment in favor of Arthur Harris, Sr. against all other Defendants is amended and judgment is now rendered in favor of plaintiff, Arthur Harris, Sr. against defendants, Percy Gros, George Washington, United States Fire Insurance Company and Marquette Casualty Company, in solido, in the sum of $5,078.75 together with legal interest from date of judicial demand until paid and all costs.
Reversed in part, amended and rendered.