BOLIN, Judge.
Plaintiff, while a fare-paying passenger in a Yellow Cab Company taxi, received personal injuries caused by a collision, occurring March 1, 1961, between the taxi and a Buick automobile at the intersection of Missouri Avenue and West College Street in the City of Shreveport. From judgment rejecting her demands for damages against the cab company and its liability insurer, plaintiff appeals.
Since the lower court did not assign written reasons for its judgment, we shall briefly set forth the facts as we find them. We think defendants are liable under the version of the accident related by their witness, Virgil Tynes, the driver of the Yellow Cab. He said he was driving the taxi north on Missouri Avenue and the Buick was approaching the intersection from his right traveling from east to west. It was daytime and visibility was good. The intersection was controlled by an electric blinking light showing an amber color denoting caution to the traffic on Missouri and red signifying stop to traffic on West College Street.
As Tynes approached the intersection he was driving about 35 miles per hour. Parked along the curb of Missouri Street to his right, about 15 feet south of the intersection were a passenger car and a large van-type truck. He first saw the Buick approaching the intersection from his right when he was about 45 feet from the caution light, at which time he let up on his accelerator and slowed his vehicle about five miles per hour. He noticed the Buick driver slowing his vehicle and he continued toward the intersection. While passing the parked truck and automobile, his range of vision was momentarily blocked, and when he regained full vision, the Buick suddenly appeared coming on into the intersection. He swerved to the left, applied his brakes but the left front of the Buick struck the right door of the taxi causing injuries to plaintiff who was seated on the right of the rear seat. Tynes said he was familiar with the crossing and knew the traffic on West College Street was required to stop, not only because of the red traffic blinker light but also because of a stationary stop sign near the intersection.
Under the above-related facts, which are stated in the light most favorable to defendants, we think the cab company and its insurer are liable for plaintiff’s injuries un *426 der the holding of Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). This case was published after the rendition of the lower court’s judgment and we feel certain the .ruling would have been different had the :trial court had the advantage of such opinion.
In the Wise case the plaintiff was a fare-•paying passenger in a bus which collided with an automobile at an intersection in -New Orleans. The traffic on the street upon which the bus was traveling was controlled iby a “Slow” sign and the traffic on the inter"secting street was controlled by a “Stop” sign. The automobile, without stopping for the stop sign, entered the intersection at a speed estimated to be 20 miles per hour. The driver of the bus testified he reduced his speed from 20 miles per hour to about 10 or 12 miles per hour as he approached the intersection. The Supreme Court held the common carrier liable for the reason it had not overcome the presumption of negligence against it.
Quoting from the opinion of the Court of Appeal, the Supreme Court said:
“ ‘The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case. (Thereafter follow many citations.)
“ ‘A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence. Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378. The carrier must do all that human sagacity and foresight can do under the circumstances, in view of 'the character and mode of conveyance -adopted, to prevent injury to passengers, the carrier being held liable for rthe slightest negligence with reference to the exercise of such care. Mire v. Lafourche Parish School Board, La., 62 So.2d 541.’ ”
As to liability, the Court finally concluded :
“As the driver of the bus approached the intersection, he was confronted with a slow sign. What degree of care is required of a driver approaching such a sign? In our opinion, he is warned by such a sign that the locus or intersection is hazardous and unusual, his duty to exercise vigilance and prudence is increased, and it is inescapable that his right to rely on a motorist to obey a stop sign at that intersection is greatly decreased. When an intersection is controlled by a stop sign and a slow sign, a high duty of care is put on the drivers of vehicles on both thoroughfares, and, as stated by the Court of Appeal, a motorist when confronted with a slow sign must do more than diminish his speed. He must enter the intersection with extreme caution and vigilance so as to apprise himself that he may proceed safely across. Reducing his speed is only a partial fulfillment of the duty such a sign imposes.
“In view of the high degree of care required of public carriers toward their fare-paying passengers, the vigilance and prudence that must be exercised in the face of a slow sign, and the fact that the burden is on the carrier to show its freedom from negligence, we cannot say that the jury and the Court of Appeal erred in holding Public Service and Miller liable. The bus driver’s complete lack of awareness of the Prescott car’s approach under the circumstances of this case appears to us to be sufficient to justify the conclusion that he and Public Service failed to prove that he was maintaining the proper lookout, vigilance, and caution required at this intersection. Consequently we conclude that Pub- *427 lie Service and Miller have not sustained the burden required under the law of overcoming the prima facie case of negligence against them.”
In the instant case, in the light of the cab driver’s own testimony the prima facie case of negligence imposed upon him has not been overcome. To the contrary, he drove his vehicle into the intersection in the face of an electric caution light at a speed of approximately 30 miles per hour when his view to the right was momentarily obstructed, relying solely upon the fact that the motorist approaching the intersection would obey the red blinker light and stop sign. Whether this would have amounted to negligence if plaintiff had been a mere guest passenger rather than a fare-paying passenger we are not required to say, but certainly it subjected the carrier to liability under the rule enunciated in Wise v. Prescott, supra.
Left for decision is the question of quantum. On the day of the accident Mrs. Bruce was treated and examined by Dr. Henry Gallager, her family physician, who diagnosed her injuries as a sprain of the thumb and web of the right hand, a strain of the muscle about the right shoulder and muscles of the right arm and lumbosacral sprain. After treating Mrs. Bruce on several occasions, Dr. Gallager hospitalized her for about nine days during which she was put in traction and received physiotherapy. She was finally referred by Dr. Gallager to Dr. Thomas A. Norris, an orthopedist of Shreveport. The sum and substance of Dr. Norris’ testimony is that, at the time of his final examination, he believed Mrs. Bruce possibly had some nerve root encroachment or extra pressure between the fifth and sixth vertebrae of her neck which was not entirely due to the narrowing of the interspace caused by her pre-existing arthritis. He further thought there was a possibility her discomfort and lack of sensory function in her upper right extremity was getting worse or becoming so progressive that she might lose some further function.
Defendants had plaintiff examined by Dr. Willis Taylor, an orthopedic specialist of Shreveport, who could find no objective symptoms to justify Mrs. Bruce’s complaints.
We have experienced no real difficulty in concluding plaintiff suffered substantially because of her injuries. At the time of the trial, approximately seven-months following the accident, she had' almost completely recovered except for a small percentage of residual disability and pain. Whether she will ever be completely free of this pain is problematical. Forthese injuries we feel she is entitled to a. judgment of $3500. She proved she had' incurred medical expenses at the time of" the filing of her suit totaling $665.70. The evidence further satisfies us that she had additional expenses between the filing of her petition and the date of trial, or will have future medical expenses directly attributable to this accident, totaling a minimum of $250.
The judgment appealed from is reversed and set aside and judgment is now rendered in favor of Mrs. Mary E. Bruce and against Yellow Cab Company of Shreveport, Inc., and Stuyvesant Insurance Company jointly and in solido for the-sum of $4415.70, together with 5% interest thereon from judicial demand until paid; It is further ordered that all costs of this; case, both in the lower court and on. appeal; be paid by defendants.
Reversed and rendered.