AYRES, Judge.
This is a companion case of that of Evans v. Thorpe et al., bearing No. 10371 of the docket of this court and this day decided (175 So.2d 418). The questions as to whose fault the accident occurred were resolved in the companion case. Remaining for consideration here are the issues relating to the quantum of the awards and to the matter of contribution between the defendants.
Plaintiffs in this case were guest passengers of Richard B. Evans. Carrie A. Evans, his mother, was seated beside him, to his right, on the front seat. Minor nieces, Terry Lane Evans, represented by her father, Walker E. Evans, and Patricia Ann Monk, represented by her father, John W. Monk, were on the rear seat.
Carrie A. Evans was awarded $500.00 for pain and suffering plus $102.01 for medical expenses. For the treatment of Patricia Ann Monk, an award of $195.69 was made in reimbursement of medical expenses, and $750.00 was awarded for pain and suffering. Medical expenses in the sum of $129.36 were allowed for treatment of Terry Lane Evans and $1,000.00 awarded for personal injuries.
Condemned were defendants Clyde Thomas Thorpe and his insurer, The Phoenix Insurance Company. Plaintiffs’ demands against The American Insurance Company, insurer of the Evans car, were rejected, as were the demands of The Phoenix Insurance Company, as third-party plaintiff, against The American Insurance Company as a third-party defendant.
Plaintiffs have appealed from that portion of the judgment rejecting their demands against The American Insurance Company. Thorpe and his insurer have also appealed, not only from the judgment in plaintiffs’ favor but from that portion of the judgment rejecting their demands against the third-party defendant. Plaintiffs have additionally answered defendants’ appeal praying for an increase in the awards.
The usual contentions are made by the plaintiffs that the awards are inadequate and by the defendants that they are excessive. To resolve these contentions, reference must be made to the injuries sustained by each of the parties-plaintiff as established by the record.
Carrie A. Evans, aged 77 years, because of soreness and stiffness, on the second day after the accident, sought treatment from Dr. W. C. Reeves, of Bernice, Louisiana. On examination, tenderness was noted over both shoulder girdles as well as in the lumbar area of the back. Reporting again to the doctor two days later because of dizziness and pain in the right side and lower chest, considerable muscle spasm was noted by the doctor in plaintiff’s right shoulder girdle. As of August 15, 1963, plaintiff complained of cramps in her right leg below the knee, and of nervousness in her right arm. The doctor concluded that, due to a whiplash type injury, plaintiff would have symptoms for several weeks. Her condition, however, was much improved by August 27, 1963; notwithstanding some muscle spasm persisting in her right shoulder girdle, no residual effects were anticipated from the accident. This anticipation was confirmed by an examination of October 9, 1963, by Dr. Ray E. King, an orthopedist, who found that plaintiff had recovered from the sprains she had received. We are of the opinion that the *427 award is inadequate to compensate plaintiff for the injuries sustained and should be increased to $1,000.00.
Patricia Ann Monk, an 11-year-old child, complained of injuries to her head, back, and leg. Two days following the accident, she was hospitalized at the Bernice Clinic and Hospital under the care and treatment of Dr. P. J. Carroll. She was confined in the hospital for a period of five days. She complained of pain over her body, but most of the soreness was in the left side of her neck and back. Examination revealed tenderness in all paraspinal and post cervical muscles and spasm with tenderness of the left trapezius muscle and left side of the neck. Some soreness continued as of August 12, 1963, but recovery within a few weeks was anticipated. No residual effects were found by the doctor on an examination of September 7, 1963. This finding was concurred in by Dr. King after an examination of October 9, 1963, when it was found that plaintiff had recovered from the sprains and shock she had sustained in the accident. The injuries sustained by this plaintiff warrant, in our opinion, an award of $1,000.00.
Terry Lane Evans complained of soreness over the body, particularly in the back of the neck, on being brought to the Bernice Clinic and Hospital August 6, 1963. The injuries were said to have resulted from a jerk backward by the force of the impact of the collision. Examination revealed tenderness in the post cervical as well as in all the paraspinal muscles and in one area of the olecranon. Hospitalization covered a period of three days. Examination by Dr. Carroll on August 16, 1963, was essentially negative. However, an examination by Dr. King October 9, 1963, disclosed that tenderness continued over the transverse process of the second cervical vertebra. Complete recovery was anticipated within two or three weeks. The injuries here, while comparable in nature and degree to those sustained by the other two plaintiffs, persisted for a slightly longer period of time. We think, therefore, an award of $1,250.00 is proper.
On the question of contribution between, the defendant insurers of the two automobiles involved in the accident, the provisions of LSA-C.C. Art. 2103 are relied upon. This article provides:
“When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
“A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.”
It is quite clear that the tort-feasors Richard B. Evans and Clyde Thomas Thorpe, so far as the interests of plaintiffs herein as innocent third parties are concerned, are solidary 'obligors, as are their sureties, within the meaning of the foregoing article. The fact that one of the two tort-feasors had the last clear chance to avoid the accident and failed to do so and is therefore liable in damages to the other„ tort-feasor does not affect the rights of third persons to recover from either or both of the tort-feasors. The jurisprudence of this State is well settled that the doctrine of last clear chance cannot be invoked by one tort-feasor so as to avoid liability to innocent third parties who sustained damages as the result of the negligence, of both tort-feasors. Shield v. F. Johnson & Son Co., 132 La. 773, 61 So. 787, *428 47 L.R.A.,N.S., 1080 (1913); Spiers v. Consolidated Companies, 125 So.2d 795, La.App., 1st Cir. 1960, reversed on other grounds, 241 La. 1012, 132 So.2d 879 (1961); Abrego v. Tri-State Transit Co., 22 So.2d 681, La.App., 1st Cir. 1945. Therefore, each of the third-party defendants should contribute equally to compensate plaintiffs for their injuries.
Therefore, the judgment appealed is amended and recast to read as follows:
It is Ordered, Adjudged, and Decreed there be judgment herein in favor of plaintiffs Carrie A. Evans in the sum of $1,102.-01; J. W. Monk, individually, in the sum of $195.69; J. W. Monk, as administrator of the estate and for the use and benefit of the minor, Patricia Ann Monk, in the sum of $1,000.00; Walker E. Evans, individually, in the sum of $129.36; Walker E. Evans, as administrator of the estate and for the use and benefit of the minor, Terry Lane Evans, in the sum of $1,250.00, together with five percent per annum interest on each of said amounts from judicial demand until paid, and all costs, against the defendants Clyde Thomas Thorpe, The Phoenix Insurance Company, and The American Insurance Company, in solido.
It is further Ordered, Adjudged, and Decreed that each of the third-parties plaintiff, The Phoenix Insurance Company and The American Insurance Company, have and recover judgment against the other as a third-party defendant for one-half of the aforesaid awards to plaintiffs, including interest and costs; and, as thus amended and recast, the judgment appealed is affirmed.
Amended and affirmed.