179 So.2d 513 (1965)
Josephine F. HEBERT, Plaintiff and Appellee,
v.
The TRAVELERS INSURANCE COMPANY and Lester Vidrine, Defendants and Appellants.
No. 1525.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
*515 Dubuisson & Dubuisson, by James T. Guglielmo, Opelousas, for defendants-appellants.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Tate & Tate, by Paul C. Tate, Mamou, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is an action for damages for personal injuries allegedly sustained by plaintiff, Mrs. Josephine F. Hebert, as the result of a two-car intersectional collision. One of the vehicles involved was a taxicab being driven by Joseph L. LeBleu, an employee of the owner, and the other was an automobile being driven by the minor son of Lester Vidrine. Plaintiff was riding as a fare-paying passenger in the taxicab at the time the accident occurred. The suit was instituted against The Travelers Insurance Company, which company was the public liability insurer of the driver of the taxicab, and against Lester Vidrine, who was uninsured.
Both of the defendants answered. Travelers also filed a third party demand against Lester Vidrine, alleging that the sole cause of the accident was the negligence of the latter's minor son, and demanding that Vidrine be condemned to reimburse Travelers fully in the event the latter is held to be liable, or alternatively, that he be directed to contribute one-half of the damages.
On the merits, the trial judge concluded that the drivers of both vehicles were negligent, but that the driver of the taxicab had the last clear chance to avoid the accident. Judgment was rendered, therefore, in favor of plaintiff and against Travelers for *516 $1401.75, and judgment further was rendered dismissing the original petition and the third party action against Vidrine. Plaintiff and Travelers have appealed.
Another tort action arising out of this accident was instituted by Miss Helena Fontenot, who also was riding as a fare-paying passenger in the taxicab at that time. That suit was filed against the same defendants, and Travelers instituted a third party demand against Vidrine, as in the instant suit. Judgment was rendered in favor of plaintiff and against Travelers for $1105.90, and all demands against Vidrine were rejected. Miss Fontenot and Travelers appealed. Both suits were consolidated for trial and appeal, and judgment is being rendered by us in the companion suit on this date. See Fontenot v. Travelers Insurance Company, 179 So.2d 520.
The questions presented on these appeals are: (1) Was the driver of the taxicab negligent? (2) Was the driver of the Vidrine car negligent? (3) Did the trial court err in applying the doctrine of last clear chance under the circumstances presented here? (4) Is either plaintiff barred from recovery under the doctrine of assumption of the risk or because of contributory negligence? and (5) Is the award made in either suit excessive or inadequate?
The accident occurred about 7:30 p. m. on September 21, 1963, at the intersection of Coreil Street and Magnolia Avenue, in Ville Platte. The taxicab was traveling in a westerly direction on Magnolia Avenue, the favored thoroughfare, and the Vidrine car was being driven south on Coreil Street. There was a stop sign at the intersection, warning motorists approaching from the north on Coreil Street to stop before proceeding to cross Magnolia. A building located in the northeast quadrant of this intersection prevented the driver of either of these cars from seeing the other until at least one of them reached a point within a few feet of the crossing. The streets are hard surfaced, and the weather was clear and dry. It was dark, and the lights of both vehicles were burning at the time the collision occurred.
Young Vidrine states that he saw the stop sign, that he brought his car either to a complete stop or almost to a stop before proceeding into the intersection, that he looked both ways and saw no other vehicle approaching, that he then proceeded into the crossing in low gear at a speed of about five miles per hour, and that the collision occurred when the front of his car reached a point just across the center line of Magnolia Avenue. He testified that he did not see the taxicab approaching until immediately before the collision occurred, and that it was then too late to avoid a collision.
The driver of the taxicab stated that he saw the Vidrine car as it approached the intersection, that Vidrine slowed down before entering it, that he then picked up speed and proceeded into the crossing in front of the taxi, and that the vehicles were about thirty feet apart when the Vidrine car entered the intersection. He testified that he applied his brakes lightly, intending to let the Vidrine car go on through, but that he made an error in judgment and that the front of the taxi struck the left rear door of the Vidrine car. When asked if he could have avoided the accident by slamming on his brakes, he replied, "I imagine so, I might."
Both drivers apparently were in their proper lanes of traffic when the collision occurred, the point of impact being just a few feet north of the center of the intersection. After the collision, the taxi came to rest a few feet west of the point of impact, and the Vidrine car came to rest about eighty feet southeast of the place where the collision occurred. The damage to the vehicles was of a relatively minor nature. There was nothing to prevent young Vidrine from seeing the approaching taxi after he reached a point within a few feet of the intersection, and he offers no reasonable explanation as to why he did not see it.
The legal speed limit on Magnolia Avenue is twenty-five miles per hour. The taxi driver testified that he was traveling at a *517 speed of twenty to twenty-five miles per hour as he approached the intersection. His testimony as to the speed of his vehicle is supported to some extent by evidence showing that after the collision the cab came to a stop within a few feet of the point of impact, that it left no lengthy skid marks on the street and that only slight damage was done to the vehicles. The two plaintiffs testified, however, that the cab in which they were riding was being driven at an excessive rate of speed, that shortly before the accident occurred they had asked the driver not to drive so fast, that he had ignored their requests, and that the impact was of sufficient force to throw one of them against the dash and the other to the floor of the cab, causing both of them to sustain injuries. The trial judge, apparently accepting the testimony of plaintiffs, concluded that the cab was being driven at an excessive rate of speed.
The evaluation of the credibility of witnesses is primarily a function of the trier of fact, rather than of the reviewing court. Launey v. Traders & General Insurance Co., La.App. 3 Cir., 169 So.2d 757. Here, a determination of the speed at which the taxi was being driven involves an evaluation of the credibility of witnesses. There is sufficient evidence to support the finding of the trial judge that the taxicab was being driven at an excessive rate of speed as it approached and entered the intersection, and we are unable to say that the court erred in reaching that conclusion.
Applicable here, also, is the rule that a public carrier of passengers is required to exercise the highest degree of care for the safety of those it undertakes to transport, and that it is liable in damages for injuries caused by its slightest negligence. The mere showing that a farepaying passenger on a public conveyance sustained an injury, and that he failed to reach his destination safely, establishes a prima facie case of negligence on the part of the carrier, and it imposes the burden on the carrier of overcoming that presumption of negligence. Wise v. Prescott, 244 La. 157, 151 So.2d 356; Bruce v. Stuyvesant Ins. Co., La.App. 2 Cir., 159 So.2d 424.
In the instant suit, plaintiff has established that she was a fare-paying passenger in the taxi, a public carrier, that she sustained an injury and that she failed to reach her destination safely. A prima facie case of negligence has been made out against the insurer of the taxi driver, therefore, and the burden rests upon defendant Travelers to overcome this presumption of negligence. In our opinion it has failed to do so. We find no error, therefore, in the conclusion reached by the trial judge that the driver of the taxicab was negligent in driving at an excessive rate of speed and that his negligence was a proximate cause of the accident.
We consider next the question of whether the driver of the Vidrine car was negligent. Defendant Vidrine contends that his son exercised reasonable care in appraising traffic at the intersection, and that he would have seen the approaching taxi if it had been traveling at a reasonable rate of speed. Alternatively, he contends that if his son is found to have been negligent in entering the intersection in front of the taxi, then his negligence in that respect did not constitute a proximate cause of the accident, because the collision would not have occurred had the taxi driver been driving at a reasonable and legal rate of speed.
When a motorist is confronted with a stop sign, legally located at an intersection, it is his duty to bring his vehicle to a complete stop, to appraise traffic in the intersecting street, and to make certain that the way is clear for him to make a safe passage across the intersection before he enters it. When a motorist stops his vehicle before entering a right-of-way street, he has performed only half of the duty which the law has imposed upon him. To stop and then proceed in the immediate path of oncoming vehicles constitutes gross negligence. Lavigne et al. v. Southern Farm Bureau *518 Casualty Ins. Co., La.App. 3 Cir., 125 So.2d 430; Howard v. Insurance Company of North America, La.App. 3 Cir., 162 So.2d 165.
In the instant suit young Vidrine obviously failed to appraise traffic at the intersecting street as he approached the crossing, and he proceeded into the intersection directly in the path of the oncoming taxicab. Under those circumstances, we think the trial judge correctly held that he was negligent and that his negligence was a proximate cause of the accident.
The next question presented is whether the trial judge was correct in applying the doctrine of last clear chance, with the result that Vidrine was relieved from liability to plaintiff. We think the trial court erred in that respect for two reasons.
In the first place, the settled rule in this state is that the doctrine of last clear chance cannot be invoked by one tortfeasor so as to avoid liability to innocent third parties who sustained damages as the result of the negligence of both tort-feasors. Shield v. F. Johnson & Son Co., Ltd., et al., 132 La. 773, 61 So. 787, 47 L.R.A.,N.S., 1080; Evans v. Phoenix Ins. Co., La.App. 2 Cir., 175 So.2d 425; Spiers v. Consolidated Companies, Inc., et al., La.App. 1 Cir., 125 So.2d 795 (reversed on other grounds, 241 La. 1012, 132 So.2d 879); and Abrego v. Tri-State Transit Co. et al., La.App. 1 Cir., 22 So.2d 681
In the present suit, the plaintiff has alleged and has established that the drivers of both of the vehicles involved in this accident were negligent, and that she sustained damages as the result of the negligence of both tort-feasors. In applying the above stated rule to the circumstances presented here, we think it is clear that defendant Vidrine cannot avoid liability to plaintiff on the ground that the other joint tort-feasor, the taxi driver, had the last clear chance to avoid the accident. The trial judge erred, therefore, in applying the doctrine of last clear chance and in relieving defendant Vidrine from liability to plaintiff.
Our second reason for concluding that the trial judge erred is that, even if we assume that the last clear chance doctrine can be invoked here, we are convinced that the evidence fails to show that the taxi driver had the last clear chance to avoid the accident. We have already found that the taxi was being driven at an excessive rate of speed, and the evidence is uncontradicted to the effect that the two vehicles were only about thirty feet apart when Vidrine entered the intersection, after indicating that he intended to stop. The taxi driver had the right to assume that Vidrine, who was on an inferior street, would respect his superior right to proceed, until the taxi driver could reasonably realize that Vidrine intended to enter the intersection. Lavigne v. Southern Farm Bureau Cas. Ins. Co., supra. The taxi driver, therefore, could not have reasonably realized that Vidrine intended to enter the intersection until the cars were thirty feet apart. The accident likely would have been avoided if the taxi had been traveling within the legal speed limit, but since it was being driven at an excessive rate of speed there is a serious question in our minds as to whether it could have been stopped within that distance.
Vidrine's argument that the taxi driver had the last clear chance to avoid the accident is based, first, on the testimony of that driver that if he had slammed on his brakes he "might" have avoided the accident, or he "imagines" that he could have done so, and, second, on reasoning that the taxi driver could have avoided the accident by turning to his right after the danger became apparent. A litigant relying upon the doctrine of last clear chance, however, has the burden of proving all facts and circumstances essential to its application. See Scott v. Glazer et al., La.App. 4 Cir., 164 So.2d 185, and authorities cited therein. The testimony and the reasoning relied upon by defendant Vidrine may warrant some *519 speculation that the accident might have been avoided, but in our opinion it does not establish that it actually could have been avoided by the exercise of reasonable care after the taxi driver was in a position to discover the peril. The burden of proving that the taxi driver had the last clear chance, therefore, has not been met.
Defendant Travelers further contends that plaintiff is barred from recovery under the doctrine of assumption of risk or contributory negligence, because she was aware of the fact that the driver of the taxicab was a notoriously reckless driver, and she nevertheless voluntarily rode with him. This argument is based largely upon the statements of one of the plaintiffs, Helena Fontenot, who testified that she had ridden with this driver before, that she thought he drove too fast, and that he had a habit of running stop signs. The evidence does not show, however, that this driver had had any accidents or even any prior complaints as to his driving, and neither of the plaintiffs apparently had any doubt but that he could transport them safely to their destinations in spite of the fact that he customarily violated traffic regulations. We find no merit to Travelers' contention, therefore, that plaintiff is barred from recovery under the doctrine of assumption of risk or because of contributory negligence.
Since both of the defendants were negligent and are liable, in solido, to plaintiff for the damages sustained by her, Travelers is entitled to contribution from Lester Vidrine, as demanded in the third party action.
The only remaining issue relates to quantum. The evidence shows that the injuries sustained by Josephine F. Hebert consisted of contusions of her right shoulder, ecchymosis of an area on the right thigh near the buttock, and a lumbosacral strain. There were no bone injuries and no residual disability. She was treated regularly by Dr. R. E. Dupre, a general practitioner, for three or four months after the accident occurred, and she has been treated by him periodically since that time. While under his treatment, plaintiff was hospitalized for three different periods, each lasting about one week, her treatment while there consisting principally of medication and the administration of sedatives and tranquilizers. She states that she still suffers pain, but the evidence convinces us, as it apparently did the trial judge, that the discomfort which she has suffered from these injuries has been minimal. The trial judge awarded Mrs. Hebert the sum of $500.00 for pain and suffering. In our opinion there has been no abuse of the "much discretion" which is vested in the trial judge in the awarding of damages for personal injuries, and we thus will not disturb the award made here.
The trial judge also awarded plaintiff the additional sum of $901.75 as hospital and medical expenses. In his reasons for judgment he observed that this "seems high," but he reasoned that the amount claimed should be allowed since no evidence was presented tending to show what a reasonable charge would be. We agree with the observation made by the trial judge, and with the conclusion which he reached. Defendant Travelers urges that the case be remanded for additional evidence tending to show that the charges for medical treatment are excessive. No showing has been made, however, that such evidence could not have been obtained prior to the trial by the exercise of due diligence, or that defendant was misled, or that for any other reason the ends of justice require such a remand. The request that the case be remanded is denied, therefore, and we have decided to affirm the award for medical and hospital expenses.
For the reasons herein assigned, the judgment appealed from is amended and recast to read as follows:
"IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, Josephine F. Hebert, and against defendants, The Travelers Insurance *520 Company and Lester Vidrine, in solido, in the full sum of $1,401.75, together with legal interest thereon from date of judicial demand until paid, and for all costs of this suit, including the fees of the experts which are set at $50.00 each.
It is FURTHER ORDERED, ADJUDGED and DECREED that there be judgment in favor of third party plaintiff, The Travelers Insurance Company, and against third party defendant, Lester Vidrine, condemning the latter, as a joint or co-tort-feasor, to contribute one-half of the amount awarded to plaintiff, Josephine F. Hebert, and to share equally in the payment of the costs of these proceedings."
Except as herein specifically amended or changed, the judgment appealed from is affirmed. One-half the costs of this appeal are assessed to defendant-appellant, The Travelers Insurance Company, and the remaining one-half of said costs are assessed to defendant-appellee, Lester Vidrine.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.