HOOD, Judge.
This is a tort action instituted by Miss Helena Fontenot against The Travelers *521 Insurance Company and Lester Vidrine. It is a companion to the case of Hebert v. Travelers Insurance Company, 179 So.2d 513, which is being decided by us on this date.
For the reasons assigned in that case, we conclude that the judgment appealed from here should he amended to condemn both of the defendants, in solido, to pay the damages sustained by plaintiff, and that the third party defendant, Lester Vidrine, should be condemned to contribute one-half the amount awarded to plaintiff.
The trial judge awarded Miss Fontenot the sum of $500.00 for pain and suffering, and the additional sum of $605.90 for hospital and medical expenses. The plaintiff-appellant argues that the award for pain and suffering should be increased, and the defendant-appellant contends that the case should be remanded for evidence tending to show that the award for medical and hospital expenses is excessive.
Miss Fontenot was treated by Dr. R. E. Dupre, for slightly more than one month after the accident occurred. This physician stated that she had “multiple contusions of the entire left shoulder, muscle strain of the left shoulder and left arm, forearm, wrist and hand, and sprain of the left wrist and muscle strain of the left leg from foot to the groin and lumbosacral strain, pain in the back.” She was hospitalized by Dr. Dupre, for a period of about one week, beginning on the day of the accident, and again for a four-day period about one month later. With reference to this last period of hospitalization, Dr. Dupre explains that “she just wanted further treatment, she was not getting along well, we hospitalized her.” She apparently was ambulatory while in the hospital, and her treatment consisted of microwave therapy, diathermy, rest and medicine. She states that she still has pains in her back and shoulder and that she is nervous, but she apparently has sought no medical treatment for that condition since Dr. Dupre discontinued treating her, and her statements are not supported by any other evidence.
We are convinced, as the trial judge apparently was, that the injuries which Miss Fontenot sustained as a result of this accident were of a relatively minor nature, that the discomfort which she has experienced as a result of this accident has been minimal, and that there is no residual disability. We conclude that the trial judge did not abuse the “much discretion” which is vested in him in awarding her the sum of $500.00 for her pain and suffering, and thus we will not disturb that award.
As observed by the trial judge, the charges for hospital and medical treatment “seem high,” but since there is no evidence to show that they were unwarranted we will affirm the award. We find no justifica-ation in remanding the case for additional evidence, as demanded by defendant-appellant.
For the reasons assigned, the judgment appealed from is amended and recast to read as follows:
“IT IS ORDERED, ADJUDGED and' DECREED that there be judgment herein-in favor of plaintiff, Helena Fontenot, and against defendants, The Travelers Insurance Company and Lester Vidrine, in so-lido, in the full sum of $1105.90, together with legal interest thereon from date of judicial demand until paid, and for all costs of this suit, including the fees of the experts which are set at $50.00 each.
It is FURTHER ORDERED, ADJUDGED and DECREED that there be judgment in favor of third party plaintiff, The Travelers Insurance Company, and against third party defendant, Lester Vid-riñe, condemning the latter, as a joint or co-tort-feasor, to contribute one-half of the amount awarded to plaintiff, Helena Fontenot, and to share equally in the payment of the costs of these proceedings.”
Except as herein specifically amended or changed, the judgment appealed from *522 is affirmed. One-half the costs of this appeal are assessed to defendant-appellant, The Travelers Insurance Company, and the remaining one-half of said costs are assessed to defendant-appellee, Lester Vid-rine.
Amended and affirmed.