MILLER, Judge.
Shelton S. Fontenot seeks damages for personal injuries from The Continental Insurance Company, insurer of Reed Gas Company, resulting from a March 15, 1968 accident which occurred in Ville Platte, Louisiana. Defendant conceded liability, and the only issue both on trial and before us is: What damages should be awarded to plaintiff ?
The trial court awarded $4,000 for physical pain and suffering and mental anxiety, together with $900 in property damage and $513 in medical expenses. Defendant appealed suspensively and submits that the award is excessive.
Shortly after the accident, plaintiff, a 57 year old male, was taken to his treating physician Dr. Ramson Vidrine. Dr. Vidrine found multiple contusions, abrasions and lacerations; a massive hematoma to the right chest and right arm, and shoulder. X-rays were negative, and Dr. Vidrine estimated that plaintiff would recover in about eight weeks. Treatment consisted of an injection of 75 miligrams of Demerol and prescriptions for APC tablets and Darvon. Plaintiff was released to return to his home. Tr. 42.
When plaintiff’s injuries caused more pain, he had photographs made by his attorney which showed the extent of his injuries. P-1, 2, 3 and 4. He returned to Dr. Vidrine on March 18th and was hospitalized until March 21st. X-rays made March 18th were again negative. Treatment consisted of oral medication. Plaintiff was given Darvon and aspirin to which was added a barbiturate to keep him calm. Plaintiff testified that he was able to get about and do everything he normally did in about seven or eight weeks after he got out of the hospital. Tr. 46. Dr. Vidrine saw plaintiff on sixteen occasions after discharging him from the hospital, the last examination on December 2, 1968.
Dr. Vidrine testified that plaintiff recovered from all but the injury to the right shoulder within eight weeks. Tr. 65. On May 1st, he found that plaintiff’s right shoulder had been disrupted. This did not show up on X-ray, but was discovered by manipulating the shoulder to determine the space between the joints. He found that the joint was widened when compared to the left joint and for the first time diagnosed a ligamentous injury to the acromioclavic-ular area.
Defendant pled surprise when this testimony developed at trial and was allowed to have plaintiff examined by an orthopedic surgeon following the trial. On March 28, 1969, plaintiff was examined by Dr. Robert Luke Bordelon, orthopedic surgeon of Opelousas. Plis testimony was taken by deposition. Dr. Bordelon concluded that plaintiff had never sustained any acromio-clavicular separation. He testified that “if an acromioclavicular subluxation or dislocation is not treated it will not heal and there will be evidence of this impairment.” He found no impairment. Tr. 21. Dr. Bordelon studied the X-rays made March 15, 18, 1968 and X-rays made under his direction March 28, 1969. Those of March 28th were made with and without weights held in both of plaintiff’s hands. The purpose of the weights was to determine if there was any acromioclavicular instability. There was none. There was no *346 evidence of any calcification or abnormality of the humeral head. There was no arthritis in the joint. Tr. 22. Based on plaintiff’s history, a review of the X-rays and from his examination, Dr. Bordelon concluded that plaintiff had sustained a severe strain of the shoulder from which he recovered. He had no significant physical impairment from an orthopaedic standpoint as a result of the injury.
On cross-examination Dr. Bordelon testified that the acute problem from this injury would be expected to last a matter of days to weeks, but according to plaintiff’s history, he had difficulty for several months. Dr. Bordelon agreed that it would not be unusual for complaints to continue for several months. In his opinion, there was no evidence of any specific condition which would predispose to future difficulties.
On April 26, 1968, plaintiff first sought treatment from his dentist, Dr. Charles Dupre. Tr. 52. Plaintiff was wearing dentures at the time of the accident. Dr. Dupre’s examination revealed that plaintiff’s mouth and gums were bruised. Treatment consisted of mouth washes and ar. ointment for his gums to reduce the inflammation. His dentures were adjusted. Dr. Dupre described plaintiff as having a low grade pain or discomfort in May of 1968. Tr. 55. But it was September of 1968 before the final adjustment was made. Plaintiff was seen by Dr. Dupre on sixteen visits.
The trial court was impressed with Dr. Vidrine’s finding that the ligaments were actually torn around the shoulder and that there was a displacement. Tr. 73. Since this finding was not made by the treating physician until May 1st, and since it was contraindicated by the testimony of the specialist Dr. Bordelon, we find error in this conclusion. The award is therefore manifestly excessive and must be reduced.
We distinguish the cases awarding $3,000 in general damages, as cited by plaintiff-ap-pellee. In Harris v. Gros, 156 So.2d 59 (La.App. 1st Cir. 1963) plaintiff was hospitalized 18 days and suffered among other injuries, a partial separation of the second rib from the sternum. In this case plaintiff had no fractures and no separations. In Warfield v. Fink and McDaniel Plumbing and Heating, 203 So.2d 827 (La.App. 4th Cir. 1967), plaintiff suffered extensive injuries in addition to her shoulder injury.
We find the companion cases of Hebert v. Travelers Insurance Company, 179 So.2d 513 (La.App. 3rd Cir. 1965), and Fontenot v. Travelers Insurance Company, 179 So.2d 520 (La.App. 3rd Cir. 1965), more in point. There we approved awards by the trial court of $500 for pain and suffering involving injuries which were similar to but not as severe as those in the instant case. Again in the case of Rochon v. Moore, 218 So.2d 918 (La.App. 3rd Cir. 1969), damages of $500 were awarded for injuries which were similar to but not as severe as plaintiff’s injuries.
An award of $2000 in general damages is appropriate.
For tne reasons assigned the judgment appealed is amended and recast to read as follows:
“IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff Shelton S. Fontenot, and against defendant, The Continental Insurance Company, in the full sum of $3,413.00, together with legal interest thereon from date of judicial demand, until paid, and all court costs.”
All costs of this appeal are to be paid by plaintiff-appellee, Shelton S. Fontenot.
Except as herein specifically amended, the judgment appealed from is affirmed.
Amended and affirmed.