**Terri W. ROSEBERRY, Petitioner,**

v.

**Linda LIPPNER, Respondent.**

Supreme Court of Tennessee.

Dec. 18, 1978.

Charles B. Lewis, Morton, Lewis, King & Krieg, Knoxville, for petitioner.

John D. Lockridge, Ambrose, Wilson, Lockridge & Grimm, Knoxville, for respondent.

## OPINION

FONES, Justice.

This is an action by a guest passenger against her host driver for personal injuries sustained in an automobile accident. The jury returned a verdict for defendant which was approved by the trial judge. The Court of Appeals reversed and remanded for a new trial, sustaining two of plaintiff's assignments of error complaining of the jury instructions. That Court held that the last clear chance doctrine, as charged, was erroneous and confusing and that the law of contributory negligence was erroneously charged. We granted certiorari because of our disagreement with the intermediate court on both issues.

Plaintiff sued her host, Terri W. Roseberry, Carol Ray, driver of the other vehicle involved, and James Glenn Ray. Prior to trial plaintiff dismissed her action against Carol and James Ray. Neither plaintiff nor defendant Roseberry had any recollection of how the collision occurred because of amnesia sustained in the accident. The only witnesses on the issue of liability were Carol Ray, and Arnold Honey. A Tennessee Highway Patrolman testified, but his investigation did not disclose anything of significance.

Plaintiff's theory was that although Mrs. Ray was negligent in pulling away from the stop sign, that her host, defendant Roseberry, should have observed Mrs. Ray's entry into the intersection, slowed, stopped or otherwise avoided the accident. In short, that if defendant had been keeping a proper look-out ahead, there was time to bring her vehicle under control and avoid the accident. Plaintiff insisted that the doctrine of last clear chance applied.

Defendant's theory was that Mrs. Ray entered the intersection from the stop street directly in front of her vehicle and when it was in such close proximity to the intersection that a sudden emergency was created; that Mrs. Ray's negligence was

the sole proximate cause of the accident and that the doctrine of last clear chance had no application.

The accident occurred between 6:30 and 7:00 a. m. at the "T" intersection of Alcoa and John Sevier Highways in Knox County. Alcoa Highway has two northbound lanes and two southbound lanes separated by a thirty-foot median strip and John Sevier Highway has one lane each for eastbound and westbound traffic. A body of water runs along the west side of Alcoa Highway, and John Sevier Highway intersects on the east side. A stop sign controls westbound traffic on John Sevier Highway.

Plaintiff and defendant were proceeding north on Alcoa Highway in defendant's Volkswagen, and Mrs. Ray was driving a Jeep west on John Sevier Highway, intending to turn left into Alcoa Highway and continue southward toward Maryville. Mrs. Ray testified that she stopped at the intersection near the eastern edge of the right-hand lane for northbound traffic on Alcoa Highway, and waited for the northbound cars to clear; that there was a break in the traffic and although looking south she could see a Volkswagen in the passing lane and a truck in the lane nearest her, she "felt that she had quite a bit of time to get across." Mrs. Ray entered Alcoa Highway in low gear and reached the passing lane when the front of the Volkswagen struck the left side of her Jeep. She declined to estimate distances and time intervals but did mark on a photograph the approximate position of the Volkswagen when she saw it immediately prior to pulling out into the intersection. That mark bears a relative proximity to an advertising sign located some distance east of Alcoa Highway, that cannot be accurately determined from the photograph. There was testimony that the sign was located 720-feet from the intersection.

Mr. Honey testified by deposition, taken in Texas, that the Volkswagen followed him for a long time before the accident but had passed him 300 or more feet before reaching the intersection and was 60 to 80-feet ahead of his truck when the accident occurred. However, another version can be pieced together from his total testimony, to wit: that he first noticed the Volkswagen about one mile south of the intersection, that it pulled up even with him and was just forging ahead of his truck at the point of collision, "[t]hey went around me when they had the accident." He testified that he saw the Jeep stopped at the John Sevier intersection when he was 300-feet away. At one point he said the Jeep started across the intersection when he was 300-feet away but later said that he was half or less than half that distance. Mr. Honey was asked on direct examination what action he took at that time and replied that he reduced his speed and applied his brakes to slow down. But, on cross examination he said he did not believe he would have collided with the Jeep even if he had not applied his brakes. He testified that he was driving 45 m. p. h. and the speed limit on Aloca Highway was 55 m. p. h. There was no evidence that defendant was driving in excess of the speed limit. Mr. Honey testified that he saw the brake lights of the Volkswagen come on "just immediately before the impact." No skid marks were found at the scene of the accident.

Defendant assigns as error the denial of her motion for a directed verdict by the trial judge and the Court of Appeals. We will not belabor that close question, as we reach the same result, assuming that the plaintiff was entitled to a submission of the issues to the jury.

The last clear chance doctrine is based upon the theory that a plaintiff should be allowed to recover where his initial negligence has created the risk of accident and resulting injury and defendant has the last reasonable opportunity to avoid the accident and fails to do so.[1] See Street v. Calvert, 541 S.W.2d 576 (Tenn.1976). It is an arbitrary exception to the rule barring

---

1. This does not purport to be a complete statement of the doctrine as applicable in Tennessee.

recovery for proximate contributory negligence, however slight. *See Vaughn v. City of Alcoa,* 194 Tenn. 449, 251 S.W.2d 304 (1952). It is obvious that the doctrine cannot be triggered by a guest passenger's negligence for the reason that a guest passenger's negligence is always triggered by an actual or anticipatory act of negligence on the part of the host driver.

■ If Mrs. Ray had remained as a defendant in this lawsuit, it is conceivable that she might have attempted to invoke the doctrine of last clear chance. Her initial negligence might be said to have placed her in a position of danger, that defendant Roseberry had the time and opportunity to observe and avoid colliding with her vehicle. There are a number of reported cases involving suits by guest passengers against the host driver and a second alleged tortfeasor, wherein one of the tortfeasors sought to escape liability by asserting that the other tortfeasor had the last clear chance to avoid the accident. The cases uniformly have held that as against third persons, such as a guest passenger, one tortfeasor cannot defend on the basis that the other tortfeasor had the last clear chance. In such cases it is said that the issues are merely whether both tortfeasors are guilty of concurring proximate negligence or that only one of the alleged tortfeasors was guilty of negligence that was the sole proximate cause of the accident. The determination of those issues is made without any consideration of the doctrine of last clear chance, it being neither applicable nor relevant. *E. g., Petition of Kinsman Transit Co.,* 338 F.2d 708 (2nd Cir. 1964); *Lincoln City Lines v. Schmidt,* 245 F.2d 600 (8th Cir. 1957); *Atlantic Coastline R. R. Co. v. Coxwell,* 93 Ga.App. 159, 91 S.E.2d 135 (1955); *Evans v. Phoenix Insurance Co.,* 175 So.2d 425 (La.App.1965); and *Fontaine v. Charas,* 87 N.H. 424, 181 A. 417 (1935). The principle of non-relevance of the last clear chance doctrine would necessarily be of equal application where plaintiff guest passenger sues only one of two alleged tortfeasors. Thus, the issues in this case were (1) whether or not defendant Roseberry was guilty of any proximate negligence that concurred

with the negligence of Mrs. Ray to produce the accident; and if so, (2) whether plaintiff was guilty of any contributory negligence.

■ The last clear chance instruction given by the trial judge quoted Restatement (Second) of Torts § 479 (1965), verbatim, and in stating its application to the instant case used Mrs. Ray as the initial negligent actor, producing the perilous situation. The confusion was said to have occurred when plaintiff insisted, after the charge had been given, that plaintiff Lippner's name should have been used in place of Mrs. Ray.

The trial judge committed error in giving the charge. However, it was invited error, and plaintiff will not be heard to complain on appeal of error which she induced the Court to commit. *Norris v. Richards,* 193 Tenn. 450, 458, 246 S.W.2d 81, 85 (1952).

If the doctrine had been applicable to this case, the trial judge had the parties correctly aligned. Mrs. Ray, not plaintiff Lippner, was the tortfeasor whose negligent act gave rise to the perilous situation that confronted all three parties. Again, the plaintiff introduced the confusion and will not be allowed to complain of action which she herself invoked.

■ The trial judge instructed the jury correctly on the duty of a guest passenger and clearly stated that the negligence of the host driver was *not* imputable to the guest. In the Court of Appeals, plaintiff Lippner, as appellant there, assigned error on the part of the trial judge in giving an instruction in regard to the duty of a guest passenger on the grounds that (1) the negligence of the host driver was not imputable to the guest passenger and (2) there was no evidence introduced that would support a finding of any contributory negligence on the part of the plaintiff. The Court of Appeals addressed only the imputed negligence question and apparently being of the opinion that the trial judge had instructed the jury that the host driver's negligence was imputable to the guest, held that to be reversible error. In this Court the question of whether evidence sufficient to make a

**730**

jury issue was presented remains for decision.

■ It is true there was no direct testimony that plaintiff did or did not warn defendant that Mrs. Ray was moving into a position of danger. However, a jury issue as to the contributory negligence of a guest passenger may be established by circumstantial evidence and the legitimate inferences and deductions that may be drawn therefrom. See 30 Am.Jur.2d, *Evidence* § 1122 (1967). The direct evidence in this case places plaintiff in an equal position with defendant to have seen and appreciated the significance of the position and movement of Mrs. Ray's Jeep at all relevant times. The photographs clearly show that there were no obstructions whatsoever to a full view of all vehicles involved within the distances relevant to this accident.

■ Plaintiff's allegation of negligence against defendant is, in substance, that she failed to see what was there to be seen, in time to avoid the accident. The same direct evidence upon which that charge of negligence is predicated, to wit: that the Volkswagen may have been as much as 720-feet south of the intersection when Mrs. Ray started across, makes a jury issue as to whether or not there was time within which a warning by plaintiff should and could have been given and the accident avoided. *See Harrison v. Pittman*, 534 S.W.2d 311 (Tenn.1976), wherein this Court held a guest passenger's contributory negligence was a jury issue in spite of her direct testimony that she did not have time to give a warning, because the jury could have found, from all the circumstances of the accident, that she did have time to warn the driver.

Reversed. Costs are adjudged against plaintiff Lippner.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.